## Franklin A. Muzzy v. Wilder Knight, et al.

CONTRACT; *Note and Mortgage.* Where a note is given, payable in five years, with interest at ten per cent., and at the same time a mortgage is given to secure the payment of the note, in which mortgage it is stipulated that the interest shall be payable annually, *held*, that the note and mortgage must be construed together as parts of one contract, and that so construed the interest is payable annually.

### *Error from Douglas District Court.*

THE action below was brought by *Muzzy* against *Knight* and wife to foreclose a mortgage, and against several other parties claiming some interest in the mortgaged premises. As between *Muzzy* and *Knight* there was but one question, and that was whether interest was payable annually on the note. The note was payable five years from date; it was not due, and it said nothing as to when interest thereon was payable. The mortgage stipulated that interest on the note was "payable annually." The foreclosure was to recover this interest. The case was tried at the June Term, 1871. On the trial plaintiff called a witness who testified that at the end of each year from the making of the note, for four years, he had as agent for plaintiff presented the note to Knight, and demanded the interest, and that *Knight* had "on each such occasion admitted the interest was due, and promised to pay the same, but never had paid

such interest." No objection was made to this testimony. The district court held *the note* was the evidence and only evidence of the terms of the contract, and as by its terms the debt was not due, dismissed plaintiff's petition, and gave judgment for defendant for costs. *Muzzy* brings the case here on error.

*Thacher & Banks*, for plaintiff in error.

*Barker & Summerfield*, for defendants in error.

The opinion of the court was delivered by

KINGMAN, C. J.: On the 8th day of May, 1866, the defendant in error, Walter Knight, gave a note to plaintiff in error for two thousand dollars payable in five years with ten per cent. interest, with the privilege of paying the note at an earlier period. At the same time Knight, together with his wife, executed a mortgage on real estate to Muzzy to secure the payment of the note, which mortgage stipulated that the interest should be paid annually, and in default of payment of any part, then that the mortgage might be foreclosed. No interest was paid, and the plaintiff after four years brought his action for four years' interest and a foreclosure of the mortgage. The trial was by the court, and judgment was given for the defendants and against the plaintiff for costs.

The only question is whether the interest was payable annually on the sum of money for which the note and mortgage was given. If the note is alone to be considered as the evidence of the contract, then unquestionably the principal and interest are alike payable at the expiration of the five years. But the note and mortgage having been made at the same time, and in relation to the same subject, are a part of one transaction, and constitute one contract, and must be construed together as if they were parts of one instrument: *Chick v. Willets*, 2 Kas., 384; *Round v. Donnell*, 5 Kas., 54. Construing both as parts of one contract there is no great difficulty in giving to each and every part thereof full effect, and without any repugnance; for then it becomes an agreement to pay two thousand dollars in five years with ten per cent. interest which

29—8TH KAS.

interest is payable annually. This stipulation in the mortgage is as much a part of this contract as though it was written in the note, or across the face of it. The principle is decided in the cases cited above, and is abundantly sustained by reason and authority. While such a conclusion is derived from the written contract, it is satisfactory to know that the interpretation put upon it by this court is the same put upon it by the parties, who of all others must have best understood the arrangement made by themselves. Whether the testimony was admissible, if objected to, we need not decide, as it was admitted without objection. Our conclusion is reached, however, from the note and mortgage alone. This is the only question in the case we can decide. The plaintiff in error asks that this court should direct the court below to enter a judgment for the plaintiff according to the prayer of his petition. This would be improper, as there are other parties to the action who may have rights which the decision of the court below rendered it unnecessary to consider, and which are not disclosed in the record.

The judgment is reversed with directions to proceed with the case in accordance with this opinion.

All the Justices concurring.