J. M. DARROW, *et al.*, v. JOHN SCULLIN.

1. NOTES AND MORTGAGE; *Stipulation as to Payment; Effect of Default.* D. and wife executed three notes, and a mortgage to secure their payment. The notes upon their face were due in one, two and three years respectively, but the mortgage contained a stipulation, that on default in payment of either, all should immediately become due and payable. On default in the payment of the first note, suit was brought upon all three, and to foreclose the mortgage. A decree was entered, which, after finding that the mortgage was given to secure the three notes, but that only the first was due, rendered a personal judgment for the amount of that note, directed a sale of the mortgaged premises and the application of the proceeds to the payment of the judgment and then to the satisfaction of the two remaining notes in the order of their maturity, and awarded execution for any deficiency. *Held,* That personal judgment should have been entered for the amount of all the notes, but that this was not an error of which the mortgagors could complain.

2. EXECUTION, *Issues only upon Judgment.* In a case like the above, it is error to award execution for any deficiency in the amount of the last two notes, as no judgment has been entered therefor, and execution issues only upon a judgment.

5—19 KAS.

*Error from Labette District Court.*

FORECLOSURE of mortgage, brought by *Scullin,* as plaintiff. Trial, and judgment for plaintiff, and against *Darrow* and wife, defendants, at the November Term 1875. The defendants bring the case here.

*A. H. Ayres,* and *J. W. Day,* for plaintiffs in error.

*Cory & Kimball,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In September 1875, the defendant in error commenced an action in the district court to recover judgment on three promissory notes, and foreclose a mortgage given to secure the same, each being signed by both defendants in error. The notes and mortgage were dated 20th May 1874; the former, each for the payment of $753.33, with twelve per cent. interest after maturity, together with reasonable attorney-fees, and were payable in one, two, and three years from date respectively. The mortgage contained this stipulation:

"This grant is intended as a mortgage to secure the payment of the sum of twenty-two hundred and sixty dollars, in three equal annual payments, with interest at the rate of twelve per cent. per annum; and if default be made in the payment of either amount of principal or interest at its maturity, the whole amount of this mortgage shall become due and payable according to the terms of three certain promissory notes this day executed and delivered by the said James M. Darrow and wife to the said John Scullin; and this conveyance shall be void if such payment be made as herein specified. But if default is made in said payment, or any part thereof, as provided, then this conveyance shall become absolute, and it shall be lawful for said party of the second part, his executors, administrators or assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in the manner prescribed by law; and out of all the moneys arising from such sale, to retain the amount then due for principal and interest, and also for statutory damages in case of protest, together with the costs and charges of making such sale, and three per cent. of the amount secured by this mortgage as a

reasonable attorney-fee for foreclosure hereof, and the over-plus, if any there be, shall be paid by the party making the sale to the said James M. Darrow," etc.

The first note not being paid at maturity, suit was brought as above stated. A decree was entered, which found that the mortgage was a security for all three notes, but that the first only was due, rendered a personal judgment for the amount of the note found to be due, directed a sale of the mortgaged premises, such sale not to be made until after maturity of the second note, that the proceeds be applied, first to the payment of the costs, then the personal judgment, then the two remaining notes in the order of their maturity, with twelve per cent. interest from the day of judgment, and also directed execution for any deficiency. Of this decree the defendants below now complain, and present several points of alleged error. It seems to us that the principal error was committed in their favor, and against the plaintiff below. Such error consisted in the finding, that only one note was due. While the language quoted from the mortgage may not be entirely clear, yet it seems to us that it contains a stipulation, that if either note is not paid when it becomes due, that then and thereupon all the notes shall immediately become due, and that the mortgage may be at once foreclosed in satisfaction of all. The words, "according to the terms of three certain promissory notes," etc., seem to qualify and limit, not the clause immediately preceding, but the entire prior statement of the purpose of the grant and the matter to be secured thereby. This is made more clear by the subsequent language of the mortgage, as shown in the quotation above. Such being the true construction of the mortgage, (and the mortgage and notes are to be construed as one instrument; *Muzzy v. Knight*, 8 Kas. 456,) all the notes were due at the time of the commencement of this action, and a personal judgment should have been entered therefor, and such judgment would draw twelve per cent. interest. *National Bank v. Peck*, 8 Kas. 660.

We think however that in the decree as entered there was error in directing execution to issue for any deficiency in the

amount due upon the last two notes, after applying the proceeds of the sale of the mortgaged premises. Execution issues only upon a judgment, and as no judgment was entered for the amount of those notes, no execution could issue for any part thereof unpaid by the sale. (Gen. Stat. 731, § 517.) The plaintiff, we think, in case of any deficiency, must first place that deficiency in judgment before he can have any execution. The case will be remanded, with instructions to modify the judgment in this respect. Otherwise it will be affirmed. The costs of this court will be divided.

All the Justices concurring.