### PHILLIPS v. WILLIAMS *et ux.*

No. 1938.   Opinion Filed November 12, 1912.

(127 Pac. 1072.)

**MORTGAGES**—Foreclosure—**Maturity of Debt.** Where W. and wife sued P. on two notes, due, respectively, April 4, 1910, and September 4, 1910, and to foreclose a real estate mortgage executed by him, of even date, to secure their payment, and where the notes contained no reference to the mortgage, but the latter provided that upon failure to pay principal and interest as evidenced by the first note, the mortgagees may declare the whole debt due "and payable at once and proceed to collect said debt * * *. and to foreclose said mortgage."—**Held** that, although the notes and mortgage evidenced separate contracts, the mortgagees could take advantage of said clause to foreclose; and that a personal judgment on both notes was proper.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;
A. N. Munden, Judge.*

Action by C. W. Williams and wife against W. H. Phillips. Judgment for plaintiffs, and defendant brings error.   Affirmed.

*J. V. Cabell* and *Jos. L. Hull,* for plaintiff in error.

*Carlisle & Edwards,* for defendants in error.

TURNER, C. J.   On April 20, 1910, C. W. Williams and wife, defendants in error, sued W. H. Phillips, plaintiff in error, in the superior court of Oklahoma county on two promissory notes, each for $3,350, due, respectively, April 4, 1910, and September 4, 1910, and to foreclose a real estate mortgage executed by said Phillips, of even date therewith, to secure the same.   While the notes contain no reference to the mortgage, the latter provides that upon failure to pay principal and interest as evidenced by the first note the mortgagees may declare the whole debt due.   The petition avers the election of the mortgagees to declare the whole debt due, and prays for a personal judgment against the defendant.   To that part of the

petition which seeks personal judgment on the note not due, de-. fendant moved to strike, and, when the court overruled the same, he saved exceptions.    Failing to answer, a personal judgment was rendered and entered against him by default for the whole debt, and that the mortgage be foreclosed; and defendant brings the case here.

The question to be determined is whether the petition states facts sufficient to warrant a personal judgment for the whole debt, including the amount of the note due, on its face, September 4, 1910.   Defendant contends that the clause of the mortgage providing for acceleration of payment cannot be taken advantage of to foreclose for general purposes, where, as here, the note and mortgage make no reference to each other, and for that reason are separate contracts.   Not so, although such they have been held by us to be.   *Farmers' Nat. Bank v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217.

In *McClelland v. Bishop*, 42 Ohio St. at page 124, the court said:

"While it is true that all separate writings, made at the same time and relating to the same transactions, are, in the eyes of the law, as if embodied in one, yet it is not true that when in one contract, evidenced by a single paper, or in several relating to the same transaction, containing stipulations relating to matters in their nature separate, either should be construed so as to extinguish the other.    If the construction claimed for the mortgage be given, it would extinguish the terms of the note. As well might the stipulations of the note extinguish those in the mortgage.    The stipulation in the mortgage should be construed as providing a remedy on the mortgage; and that, so far as foreclosure proceedings are concerned, the notes for that purpose are due, but for general purposes the obligations on the notes are to be determined by their own express terms.    In this way both contracts can stand and be fully enforced, according to the manifest intention of the parties."

And in the syllabus:

"Where there is a series of negotiable notes in the usual form, for distinct sums of money, payable at distinct and specified times in the future, with a mortgage to secure each, according to its tenor and effect, which contains a stipulation that, if default be made in the payment of any one, 'then each and all

should fall due, and this mortgage to become absolute as to all said notes remaining unpaid at the happening of such default'— *Held,* that such stipulation relates to the remedy by foreclosure or other proceedings under the mortgage, and upon such default the mortgage may be foreclosed for the whole debt. It is a stipulation for the advantage of the mortgagee, and of full force as to a remedy on the mortgage, but does not operate to vary or extinguish the obligations expressed on the face of the notes themselves for general purposes."

This is in line, not only with what we held in the McCall case, but with what we said in *Core v. Smith,* 23 Okla. 909, 102 Pac. 114.

In *Darrow et al. v. John Scullin,* 19 Kan. 57, an opinion by Brewer, J., in the syllabus it is said:

"D. and wife executed three notes, and a mortgage to secure their payment. The notes, upon their face, were due in one, two, and three years, respectively; but the mortgage contained a stipulation that on default in payment of either all should immediately become due and payable. On default in the payment of the first note, suit was brought upon all three, and to foreclose the mortgage. A decree was entered, which, after finding that the mortgage was given to secure the three notes, but that only the first was due, rendered a personal judgment for the amount of that note, directed a sale of the mortgaged premises and the application of the proceeds to the payment of the judgment and then to the satisfaction of the two remaining notes in the order of their maturity, and awarded execution for any deficiency. *Held,* that personal judgment should have been entered for the amount of all the notes, but that this was not an error of which the mortgagors could complain. *Muzzy v. Knight,* 8 Kan. 456; *Meyer v. Graeber,* 19 Kan. 166; *Bank v. Peck,* 8 Kan. 660."

See, also, *Grand Is., etc., v. Moore et al.,* 40 Neb. 686, 59 N. W. 115; 2 Jones on Mort. (6th Ed.) sec. 1179a.

A personal judgment for the amount due is essential in actions to enforce a mortgage. Comp. Laws 1909, sec. 5921.

The judgment of the trial court is affirmed.

All the Justices concur, except DUNN, J., absent, and not participating.