## FLESHER *et al.* v. HUBBARD.

No. 2768.   Opinion Filed June 11, 1913.

(132 Pac. 1080.)

MORTGAGES—Right to Foreclose—Default—Instruments Construed Together. Flesher borrowed $800 from Hubbard, giving his note for the principal sum due in five years, with interest at 7 per cent. per annum, payable annually, with interest at 10 per cent. after maturity; the interest at 7 per cent. being evidenced by coupon notes attached to the principal note. The mortgage contained a provision that, "if said sum or sums of money or any part thereof is not paid when due, * * * The holder of said note and this mortgage may elect to declare the whole sum or sums and interest thereon due and payable at once." The maker defaulted in the payment of the first coupon note; the payee commenced foreclosure proceedings; the payor contended that the terms of the mortgage had not been broken, although he admitted the default in the payment of the interest coupon as aforesaid. Held, that the note and mortgage, being a single contract, must be construed so as to give effect to all its parts; that the clause providing for interest at 10 per cent. after maturity was inserted for the benefit of the mortgagee, and did not operate to extend the time of payment of the entire sums of interest until the final maturity of the principal note, and that the failure to pay the annual interest was a breach of the conditions of the mortgage sufficient to warrant foreclosure.

(Syllabus by Robertson, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by Alice D. Hubbard against Marion B. Flesher and others to foreclose real estate mortgage. Judgment for plaintiff, and defendants bring error. Affirmed.

*C. D. Conner,* for plaintiffs in error.

*C. T. Huddleston,* for defendant in error.

Opinion by ROBERTSON, C. This was an action to foreclose a real estate mortgage. There was a judgment for the plaintiff below, and defendants bring error and assign as grounds for reversal:

"(1) That the court committed error in overruling demurrer to plaintiff's petition. (2) That the court committed error in permitting the introduction of evidence over the objections of the defendants. (3) That the court erred in directing a verdict for the plaintiff below. (4) That the court erred in refusing to render judgment for the defendants below. (5) That the court erred in overruling motion for a new trial."

From a consideration of the record and the foregoing specifications it is apparent that but one question is presented for our consideration, and that is: Was there a breach of the terms of the mortgage, for the foreclosure of which this action was instituted? It is conceded by the parties that this is the only question in the case. The facts, briefly stated, are as follows: On June 5, 1908, Marion B. Flesher borrowed from Chas. J. Hubbard the sum of $800 for a term of five years, with interest thereon from date at the rate of 7 per cent. per annum, payable annually, according to coupons attached to the principal note, there being five coupons for $56 each—one due on June 5, 1910, and one each year thereafter. To secure the payment of said sum Flesher gave a mortgage on his farm; thereafter Hubbard transferred the note and mortgage to plaintiff, Alice D. Hubbard. On June 5, 1910, there became due and payable to the plaintiff the first coupon note in the sum of $56, the same being the annual interest due on the principal sum. Default was made in the payment of this coupon note, and this default is the basis for the fore-

closure action. Prior to the date on which the interest became due, and on, to wit, May 5, 1909, the plaintiff in error Marion B. Flesher sold, conveyed, and transferred by general warranty deed the land covered by said mortgage to W. H. Dill and W. B. Crossan, who were joined as defendants below, and who are plaintiffs in error here.

The principal note sued on reads as follows:

"$800.00. Okemah, Oklahoma, June 5, 1909. On the fifth day of June, 1914, for value received, I promise to pay to the order of Charles J. Hubbard at the New England National Bank, of Kansas City, Missouri, eight hundred and no-100 dollars in gold coin of the United States of the present standard of weight and fineness, with interest at the rate of 7 per cent. per annum until maturity, payable annually according to the terms hereof and of interest notes of even date attached hereto, and with interest after maturity at the rate of 10 per cent. per annum until paid. This note and interest notes are secured by first mortgage on the S. W. 1/4 of the S. W. 1/4 of Section one (1), Township eleven (11) North and Range nine (9) East in Okfuskee County, Oklahoma. No. 1336. Marion B. Flesher."

Indorsed: "Pay to the order of Alice D. Hubbard, without recourse. Charles J. Hubbard."

The first coupon note is in words and figures as follows:

"56.00. Okemah, Oklahoma, June 5, 1909. On the 5th day of June, 1910, for value received, I promise to pay to the order of Charles J. Hubbard at the office of the New England National Bank, of Kansas City, Mo., fifty-six and no-100 dollars, being for interest on a principal note of even date herewith, No. 1336, with interest after maturity at the rate of ten per cent. per annum. Interest Note 5. Marion B. Flesher."

Indorsed: "Pay to the order of Alice D. Hubbard without recourse. Charles J. Hubbard."

The mortgage contained the following provisions:

"Now if said first party shall pay or cause to be paid to said second party, his heirs or assigns said sum of money in the above described note mentioned, together with interest, thereon according to the terms and tenor of said note and shall make and maintain such insurance and pay such taxes and assessments then these presents shall be wholly discharged and void, other-

wise shall remain in full force and effect. * * * And if said sum or sums of money or any part thereof is not paid when due or if such insurance is not effected and maintained, or any taxes or assessments are not paid before delinquent, the holder of said note and this mortgage may elect to declare the whole sum or sums and interest thereon due and payable at once and proceed to collect said debt including attorney's fees, and to foreclose this mortgage, and shall become entitled to possession of said premises."

In the petition in foreclosure the breach of the conditions of the mortgage, as charged, is as follows:

"Plaintiff further states that the conditions of the said mortgage have been broken in this, to wit: that on the 5th day of June, 1910, there became due and payable to the plaintiff according to the mortgage and contract aforesaid the sum of $56 interest, evidenced by coupon No. 1, that the same has not been paid, and that the plaintiff has demanded of said defendant that he pay his said sum, and the said defendant Marion B. Flesher has failed and refused to do so; that plaintiff is now and has been at all times since the 1st day of May, 1910, the owner and holder of said note and mortgage and interest coupon attached to said note. Plaintiff further states that by reason of the premises and by the default of the defendant Marion B. Flesher to pay said interest of $56 on the 5th day of May, 1910, at the time it matured, according to said mortgage and coupon the conditions of the said mortgage have been broken and the whole of the indebtedness thereby secured has matured, and is now due and payable, together with all the interest thereon agreed to be paid by said defendant as well as an attorney's fee of $80 which is due and payable upon the filing of this suit as stipulated and specified in said mortgage; that said plaintiff has and does now elect to declare the entire debt and all interest thereon specified due and payable as provided in the said mortgage, and because of the default of the said defendant Marion B. Flesher failing and refusing to pay the said interest coupon No. 1 due the 5th day of June, 1910; that, therefore, plaintiff is entitled to foreclosure of the said mortgage on said premises and to have the same sold to satisfy said indebtedness."

It is contended by defendant that the foregoing allegations are not sufficient to warrant the court in granting the relief

prayed for. If the default in the payment of the interest coupon as charged in the petition is a breach of the conditions of the mortgage sufficient to warrant a foreclosure, then the judgment of the trial court should be affirmed, otherwise it should be reversed. The terms of the principal note require the interest to be paid annually. The interest on the principal for one year at 7 per cent. per annum amounted to $56, which sum was agreed to and evidenced by a coupon note attached to the principal note. On June 5, 1910, there became due according to "the terms and tenor of said note the sum of $56." It is provided in the mortgage that:

"If said sum or sums of money or any part thereof is not paid when due    *   *   *    the holder of said note and this mortgage may elect to declare the whole sum or sums and interest thereon due and payable at once," etc.

These notes and the mortgage constitute a single contract, and must be construed so as to give effect to all its parts. While it is true that the notes provide for interest after maturity at the rate of 10 per cent. per annum, that fact will not warrant us in holding that such provision is an option in favor of the payor giving him the right to retain the entire loan until the principal sum becomes due, with all interest to be computed at 10 per cent. instead of 7 per cent. per annum. This latter clause was inserted in the note for the benefit of the payee, and was not inserted for the purpose of extending the time for the payment of the interest until the principal became due. To hold otherwise would destroy the plain provisions of both note and mortgage that the interest should be payable annually.

If the mortgagor owed the mortgagee on June 5, 1910, the sum of $56 for interest, which according to the above conclusion he undoubtedly did, then the terms of the mortgage, as hereinabove quoted, were breached, and the mortgagee was entitled to declare the whole sum due and payable and to foreclose the same. In these views we are amply sustained by *Phillips v. William et ux.*, 33 Okla. 766, 127 Pac. 1072; *McClelland v.*

*Bishop,* 42 Ohio St. 124; *Core v. Smith,* 23 Okla. 909, 102 Pac. 114; *Darrow v. Scanlin,* 19 Kan. 57; *Muzzy v. Knight,* 8 Kan. 456; *Meyer v. Graeber,* 19 Kan. 166; *Bank v. Peck,* 8 Kan. 660; *Grand Island, etc., v. Moore et al.,* 40 Neb. 686, 59 N. W. 115; 2 Jones on Mortgages (6th Ed.) sec. 1179a; *Castor v. Muramoto,* 69 Wash. 145 125 Pac. 153, 42 L. R. A. (N. S.) 108.

It therefore follows that there is no merit in the various contentions of plaintiffs in error, and the judgment of the district court of Okfuskee county should be affirmed.

By the Court: It is so ordered.