## F. B. COLLINS INV. CO. v. SANNER *et al.*

No. 3782.    Opinion Filed July 28, 1914.

(142 Pac. 318.)

1.  **MORTGAGES—Foreclosure—Default in Principal.** Where an indebtedness was evidenced by promissory notes, payable in one, two, and three years, bearing 6 per cent. interest, payable annually, and secured by real estate mortgage, providing that, upon failure to pay said indebtedness or any part thereof, the holder of the notes may proceed to sell the property "in the manner provided by law," *held*, that an action may be maintained upon said indebtedness and to foreclose the mortgage lien when there is default in the payment of the principal and interest upon the first note when due and default in the payment of the annual interest upon the second and third of said notes.

2.  **SAME—Default in Interest.** The interest on a promissory note reading "With interest at the rate of 6 per cent. per annum from date, payable annually, and, if not paid when due, it shall be added to the principal and draw 10 per cent.," is payable annually, and, upon default in such payment, an action may be maintained for the amount thereof.

(Syllabus by Galbraith, C.)

*Error from District Court, Roger Mills County;*
*G. A. Brown, Judge.*

Action by the F. B. Collins Investment Company against
Lig Sanner and Dollie Sanner. Judgment for defendants, and
plaintiff brings error. Reversed and remanded.

*E. L. Mitchell* and *Perry Madden,* for plaintiff in error.

*T. L. Turner,* for defendants in error.

Opinion by GALBRAITH, C. This was an action on an
indebtedness of $360, evidenced by three promissory notes ma-
turing in one, two, and three years, and bearing interest at the
rate of 6 per cent. per annum from date, payable annually, and
to foreclose a mortgage given to secure the same. The petition
alleged the execution of the notes and mortgage and attached
copies thereto as Exhibits A. B, C, and D, and alleged default in
the payment and a breach of the conditions of the mortgage and
prayed for judgment for the debt and the foreclosure of the
mortgage lien. The defendants demurred to the petition as fol-
lows:

"Comes now the defendants and demur to Exhibits B and C
of plaintiff's petition and all that portion of plaintiff's petition
referring to said exhibits, or either of them, for the reason that
they do not constitute facts sufficient to constitute a cause of
action against the defendant and in favor of the plaintiff. That
Exhibits B and C show an indebtedness not matured and not
constituting a cause of action at this time."

This demurrer was sustained by the court, and exceptions
saved. The plaintiff then dismissed his action on Exhibit A (that
is, the note that was past due), but refused to amend as to notes
Nos. 2 and 3, and judgment was thereupon rendered in favor
of the defendants and against the plaintiff for costs. To review
that judgment the plaintiff has perfected an appeal to this court.

The one error assigned and argued is that the court erred
in sustaining the demurrer to the petition.

The first one of the three notes reads, in part, as follows:
"$120.00. Note No. 1.

"Oklahoma City, Okla., May 16, 1910.

"For value received, on May 1st, 1911, I, we, or either of us, promise to pay to the order of F. B. Collins Investment Company one hundred twenty and no-100 dollars, with interest at the rate of 6 per cent. per annum from date, payable annually, and if not paid when due, it shall be added to the principal and draw 10 per cent. Payable at the office of the F. B. Collins Investment Company, Oklahoma City, Oklahoma."

The notes were signed by the defendants in error, and the mortgage duly executed by them. The mortgage bears the same date as the notes, and contains the following provision:

"This grant is intended as a mortgage to secure the payment of the sum of three hundred sixty and no-100 dollars, according to the terms of three notes this day executed by the said parties of the first part to the order of the said F. B. Collins Investment Company, payable at the office of the F. B. Collins Investment Company, Oklahoma City, Oklahoma, and being further described as follows: Dated May 16, 1910, payable the first $120.00 on the first day of May, 1911; the second $120.00 on the first day of May, 1912; the third $120.00 on the first day of May, 1913— each note to bear interest at the rate of six per cent. per annum from date, payable annually, and if not paid when due it shall be added to the principal and draw ten per cent., and this conveyance shall be void if such payment be made. But if default is made in such payment, or any part thereof, then it shall be lawful for the said F. B. Collins Investment Company, its successors or assigns, to sell said premises as provided by law, 'appraisement waived,' and apply the proceeds thereof to the payment of said debt, interest, costs and charges, and an attorney's fee of $36.00 for foreclosure, and the surplus, if any, to be paid to said parties of the first part on demand."

On August 5, 1911, when this action was commenced, no part of said indebtedness had been paid. There was default in payment of the principal and interest of note No. 1, due May 1, 1911, and also default in the annual interest on notes Nos. 2 and 3, which was also due May 1, 1911. The Supreme Court of Kansas had before it for consideration a case almost identical in the facts with the instant case in *Darrow et al. v. Scullin,* reported in 19 Kan. 57, and Mr. Justice Brewer, discussing the provision of the mortgage similar to that above quoted, said:

"While the language quoted from the mortgage may not be entirely clear, yet it seems to us that it contains a stipulation that, if either note is not paid when it becomes due, then and thereupon all the notes shall immediately become due, and that the mortgage may be at once foreclosed in satisfaction of all. The words 'according to the terms of three certain promissory notes,' etc., seem to qualify and limit, not the clause immediately preceding, but the entire prior statement of the purpose of the grant and the matter to be secured thereby. This is made more clear by the subsequent language of the mortgage, as shown in the quotation above. Such being the true construction of the mortgage (and the mortgage and notes are to be construed as one instrument [*Mussy v. Knight,* 8 Kan. 456]), all the notes were due at the time of the commencement of this action, and a personal judgment should have been entered therefor, and such judgment would draw 12 per cent. interest. *National Bank v. Peck,* 8 Kan. 660."

In *Meyer v. Graeber et al.,* 19 Kan. 165, the syllabus reads as follows:

"Where a note is given payable in four years, with interest at 10 per cent., and at the same time a mortgage is given to secure the payment of the note, in which mortgage it is stipulated that the interest is payable annually, and the interest to become principal if not paid when due, and if default be made in said payment, or any part thereof, as provided, then the conveyance shall become absolute, *held,* that the interest is to be construed as payable each year, and that, on default of the payment of. interest, the mortgage may be foreclosed for the amount due."

See, also, *Philips v. Williams et ux.,* 33 Okla. 766, 127 Pac. 1072.

The notes and the mortgage are to be construed together as one contract. The mortgage was given to secure an indebtedness of $360 and interest. At the time of the commencement of the action, as appears from the petition, there was default, not only in the payment of note No. 1 and the interest, but there was also default in the annual interest due on the notes Nos. 2 and 3. The mortgage was given to secure the entire indebtedness, which included the principal and interest. The mortgage provided that, if default was made in "such payments or any part thereof," then it should be lawful for the payee of the notes, or its successors or assigns, to "sell said premises as provided by law." For

the defaults enumerated the plaintiff in error was justified in commencing the action for the entire indebtedness and to foreclose the mortgage lien. The trial court was in error .in sustaining the demurrer.

We therefore recommend that the exceptions be sustained, and that the cause be remanded to the district court of Roger Mills county, with directions to vacate the order sustaining the demurrer, and to enter an order overruling the same, and to proceed with such cause as provided by law, and. that the costs of this appeal be taxed against the defendants in error.

By the Court: It is so ordered.