## OKLAHOMA CITY DEVELOPMENT CO. v. PICARD.

No. 4143.    Opinion Filed January 26, 1915.

(146 Pac. 31.)

1.    MORTGAGES—Note and Mortgage—Construction.   A note and mortgage given to secure the payment of the same are construed together as one contract.

2.    SAME—Foreclosure—Attorneys' Fee—Right to Allow.   In an action to foreclose a real estate mortgage, where the note secured thereby makes no provision for the payment of an attorney's fee in case of legal proceedings thereon, and the mortgage contains no agreement to pay attorney's fees, but in that part of it describing the note contains the following recital: "——— per cent. additional as attorneys' fees, in case of legal proceedings to collect"—**held,** that this recital in the mortgage does not amount to an agreement to pay an attorneys' fee, and is simply a misdescription of the mortgage note, and does not authorize the court to find and include in the decree of foreclosure a reasonable attorney's fee.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by Sarah Picard against the Oklahoma City Development Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*J. W. Bartholomew,* for plaintiff in error.

*A. T. Boys,* for defendant in error.

Opinion by GALBRAITH, C. The appeal in this case is from a decree rendered in a suit on a promissory note, and foreclosing a real estate mortgage given to secure the same.

There is only one assignment of error argued; that is, that the trial court erred in including in the decree an attorney's fee of $400, which was agreed between the parties to be a reasonable fee, if an attorney's fee was authorized by the contract. The note in suit was a simple promissory note for the payment of $7,500, with interest at 8 per cent. per annum, payable semi-annually, and made no provision for the payment of an attorney's fee. The mortgage contained the following clause, upon which the court based the allowance of such fee:

"This conveyance is intended as a mortgage to secure the payment of one promissory note of even date herewith, for $7,500.00, due February 15th, 1911, made to Sarah Picard, or order, payable at the American National Bank, Okla. City, Okla., with 8% interest per annum payable semi-annually, and——— per cent. additional as attorney's fees, in case of legal proceedings to collect, and signed by Oklahoma City Development Company, by its authorized officers."

The note and mortgage are considered together as one contract *(Collins Inv. Co. v. Sanner et al.,* 42 Okla. 634, 142 Pac. 318), and a stipulation in either providing for the payment of an attorney's fee in the event of legal proceedings to collect the mortgage debt would be valid *(Cooper v. Bank,* 4 Okla. 632, 46 Pac. 475).

The right of the plaintiff in the foreclosure proceedings to claim an attorney's fee, and of the court to allow the same in the decree of foreclosure, depends entirely upon the contract of the parties, since there is no statute in this state authorizing the

same. *Stover et al. v. Johnnycake,* 9 Kan. 368; *Morris v. German,* 14 Kan. 222; *Kyle v. Hamilton* (Cal.) 68 Pac. 484.

The language above quoted from the mortgage does not clearly import an agreement on the part of the mortgagor to pay an attorney's fee in case of legal proceedings to collect the debt; if it did, it would be a valid provision and properly enforceable; and, the amount of the fee not being provided in the contract, the court might find and allow a reasonable fee. The provision quoted was evidently intended by the parties to be a description of the note, and the clause therein relating to the attorney's fee is a misdescription and surplusage.

For these reasons we are inclined to the view that there is no provision in the contract authorizing the assessment and recovery of an attorney's fee, and that the part of the judgment and decree providing for an attorney's fee of $400 should be vacated, and that in all other things the judgment and decree should be affirmed.

By the Court: It is so ordered.