### FIRST NAT. BANK OF STIGLER v. HOWARD.

No. 7586—Opinion Filed June 27, 1916.

(158 Pac. 927.)

**1. Bills and Notes—Chattel Mortgages— Construction—Relation to Note.**

A note and a chattel mortgage given to secure same are construed together as one contract.

**2. Bills and Notes—Validity—Stipulation for Attorney's Fees.**

The stipulation in a note, "In case this note is placed in the hands of an attorney for collection, I, we, or either of us, agree to pay 10 per cent. additional for the collection of the same," is valid and enforceable, when the note is past due and unpaid, and has been placed in the hands of an attorney for collection.

**3. Chattel Mortgages—Construction—Debt Secured—Attorney's Fee.**

When the conditions making the attorney's fee payable have been met, the attorney's fee stipulated in such note is collectible in an action of replevin based upon the note and chattel mortgage securing it.

**4. Same—Payment and Discharge—Tender —Attorney's Fee.**

When such note is past due and unpaid and has been placed in the hands of an attorney for collection, a tender of the amount of the indebtedness, exclusive of the attorney's fee, is insufficient to discharge the lien of the chattel mortgage securing such note.

(Syllabus by Edwards, C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by the First National Bank of Stigler against J. T. Howard. Judgment for defendant, and plaintiff brings error. Reversed.

E. O. Clark and J. W. Foster, for plaintiff in error.

A. L. Beckett, for defendant in error.

Opinion by EDWARDS, C. This is an action in replevin brought by the First Na-

tional Bank of Stigler against the defendant, J. T. Howard, to recover certain personal property. The parties will be referred to as plaintiff and defendant as they appeared in the court below.

The plaintiff's petition sets out the execution and delivery by the defendant to the plaintiff of a note for $1,882.50 and a chattel mortgage to secure the same covering the property replevined in this action, and alleges that plaintiff is the owner of the note and mortgage sued upon, and that same is past due and unpaid. The defendant by way of answer admits the execution of the note and mortgage, but alleges that usurious interest was charged or reserved in said note, sets out certain payments made by the defendant, and admits that at the time suit was instituted the plaintiff on demand was entitled to the possession of the property replevined, but further alleges that no demand had been made, and that after suit had been instituted, and prior to the service of process, defendant tendered to plaintiff the full amount of the indebtedness in the sum of $1,596.26 and accrued costs, and alleges a tender of said sum into court. Then follows a cross-petition by the defendant for the restitution of the property replevined. The plaintiff for reply admits the tender of the sum of $1,596.26, denies the tender of any costs, and denies the allegations of defendant's cross-petition. The case was tried to a jury, and a verdict was returned for the defendant finding the value of the property to be $1,430, and assessing damages in favor of the defendant in the sum of $297.90.

Several assignments of error are urged by the plaintiff and controverted by the defendant, only one of which, however, it will be necessary to examine.

The note evidencing the indebtedness from defendant to plaintiff contains this provision:

" * * * In case this note is placed in the hands of an attorney for collection, I, we, or either of us agree to pay 10 per cent. additional for collection of the same."

Upon the trial of the case the plaintiff offered to prove that at the time of the tender referred to the note involved in this action had been placed in the hands of an attorney for collection, but upon objection by the defendant this was excluded. The court apparently excluded this offer on the theory that, as the action was in replevin, and not a direct suit to recover the amount of the note, any evidence with reference to the attorney's fees provided by the note was immaterial. At the conclusion of the evidence the plaintiff requested the following instruction:

"(4) You are instructed that, if you find the defendant was converting the property, or

had converted the property prior to the bringing of this action, and that suit had been commenced before the alleged tender was made in this case, and you find that the note for which the mortgage was given as a security contained a provision for a stipulated attorney's fee, and that the note was past due, and had been placed in the hands of an attorney for collection, and you find the defendant failed or refused to tender the attorney's fee provided in said note, the tender was insufficient, and you will find the issues for the plaintiff."

Which request was refused, and exceptions saved. The court gave upon this point the following instruction:

"(3) You are further instructed in this connection, it being admitted that there was never any demand made by plaintiff on defendant for possession of the property in controversy before the institution of this suit, that, although you may not be satisfied from the evidence that the defendant at the time of the alleged offer to pay the indebtedness to plaintiff, together with interest thereon, also offered to pay court costs, exclusive of attorney's fee, that had accrued up to that time by reason of this suit having been filed, yet, if you believe from a preponderance of the evidence that the defendant before the service of the writ or summons upon him in this action offered to pay the plaintiff the full amount of his indebtedness, together with interest thereon, then and in that event the tender was sufficient in law to release the property in controversy from the lien of plaintiff's mortgage, and the plaintiff had no right to seize and sell the property of the defendant, unless you further find from the evidence that the defendant had waived, within the meaning of the term as hereinafter explained, his right to demand of the property before the institution of this suit."

To the giving of which exception was saved by the plaintiff. This presents squarely the question as to whether or not an attorney's fee provided for in a note is collectible in a proceeding in replevin based upon the note and chattel mortgage securing it, when the conditions upon which said fee accrues have been met.

A note and a chattel mortgage securing it are construed together as one contract (Sims et al. v. Central State Bank, 56 Okla. 129, 155 Pac. 878; Collins Investment Company v. Sanner et al., 42 Okla. 634, 142 Pac. 318; Oklahoma City Development Company v. Picard, 44 Okla. 674, 146 Pac. 31); and the stipulation in a note to pay an attorney's fee is valid and enforceable (Continental Gin Company v. Sullivan, 48 Okla. 332, 150 Pac. 209). and the sum of 10 per cent. upon the amount of the note as attorney's fees is not excessive (Cooper et al. v. Bank of Indian Territory. 4 Okla. 632, 46 Pac. 475; Continental Gin Company v. Sullivan, supra).

Such attorney's fee is secured by the mortgage in the same manner as the principal indebtedness.

Then it is evident that the plaintiff might have proceeded in a suit upon the note and to foreclose its chattel mortgage, in which case it would have been entitled to recover the attorney's fees stipulated in the note But, after the note was past due and unpaid, it elected to proceed in an action in replevin, and placed the note and chattel mortgage in the hands of an attorney for collection, and there would seem to be no good reason why it would not be as much entitled to recover the attorney's fee as if it had proceeded for judgment upon the note. We think, under the circumstances of this case, that the tender of the amount due, exclusive of the attorney's fee, is insufficient to discharge the lien of the chattel mortgage, and that the trial court erred in excluding the evidence offered to prove the note had been placed in the hands of an attorney for collection before tender, and erred in refusing the requested instruction, and in giving instruction No. 3 of the court's charge.

The judgment should be reversed.

By the Court. It is so ordered.