**BOLLENBACH, Ex'x, v. LUDLUM.**

No. 10417—Opinion Filed Nov. 15, 1921.

(Syllabus.)

1. **Mortgages—Foreclosure— Default Accelerating Due Date of Note.**

The due date of a promissory note payable at a fixed time may be accelerated by a clause in a mortgage or a deed of trust securing the same providing that it shall become due before the time fixed, in the event of some other default than in its payment, for the purpose of an action upon the note and to foreclose the mortgage.

2. **Same—Who May Enforce Acceleration.**

Such acceleration clause is solely for the benefit of the mortgagee or his assigns, who may enforce it or not at his option or election.

### 3. Same — Construction — Effect Upon Indorsers.

Where, as in the case at bar, the creditor elects to enforce the accelerating clause and action is commenced upon the note and for the foreclosure of the mortgage, the note and mortgage constitute a single contract which must be so construed as to give effect to all its parts, and when the mortgage provides that the note shall become due upon default in the payment of any installment of interest, such default renders the note due immediately upon default and entitles the holder to maintain an action at once for the entire debt; and in such case the default also renders the paper due as respects indorsers and guarantors.

### 4. Same—Binding Indorsers.

In such case the note falls due upon default according to the terms of the accelerating clause, and not upon the commencement of the action, and thereupon the holder must present the same for payment and give notice of nonpayment, under the Negotiable Instruments Law, in order to bind indorsers.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by Hulda Ludlum against Kathrina Bollenbach, executrix of the estate of Jacob Bollenbach, on note and mortgage. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

G. W. Cornell, for plaintiff in error.

T. W. Jones, Jr., for defendant in error.

KANE, J. This was an action upon a promissory note and to foreclose a mortgage given to secure the payment thereof, commenced by the defendant in error, plaintiff below, against Adolph Bollenbach, Ena Bollenbach, and Kathrina Bollenbach, executrix of the estate of Jacob Bollenbach, deceased. The note and mortgage were executed by Adolph Bollenbach and Ena Bollenbach to Jacob Bollenbach, who transferred the same to the plaintiff, indorsing his name in blank on the back of the note.

Subsequent to the indorsement of the note Jacob Bollenbach, the payee, died, and Kathrina Bollenbach was duly appointed executrix of his estate, and subsequent to this, this action was commenced.

The note upon its face purported to be a straight promissory note payable approximately five years after date. The mortgage contains a provision that if the sum of money secured thereby or any part thereof or any interest thereon is not paid when same is due, then the whole of said sum or sums and interest thereon shall become due and payable at once.

The petition alleged "that no interest has been paid upon said note, although by the terms thereof the said interest is payable annually, and that by reason thereof and by virtue of the mortgage hereinafter set forth and the agreement herein set forth the said note is now due and payable."

Upon the trial it was shown, and in this court it is agreed, that there was default in the payment of interest as alleged in the petition, and that "presentment for payment was never made nor notice of dishonor was never given to said indorser, Jacob Bollenbach, deceased, nor his personal representative." The judgment of the trial court complained of was as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Hulda Ludlum, recover of and from Kathrina Bollenbach, as executrix of the estate of Jacob Bollenbach, deceased, the sum of $2,707.06, and that said Kathrina Bollenbach, executrix of said estate, pay in due course of administration of the estate of Jacob Bollenbach, deceased, pending in the county court of Custer county, Oklahoma, the sum of $2,707.06 hereby adjudged to be due the plaintiff herein, with interest at 7% from this date from the estate of Jacob Bollenbach, deceased."

It was to reverse this judgment that this proceeding in error was commenced by Kathrina Bollenbach, executrix.

In the view we take of the case it will be only necessary to notice one assignment of error, to wit: "That the findings and judgment of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in rendering judgment in favor of defendant in error and in not rendering judgment in favor of the plaintiff in error." Under this assignment of error it is contended that, inasmuch as the note was not presented for payment after default in the payment of the installment of interest which it was alleged accelerated the due date thereof, and no notice of dishonor was given, the plaintiff in error, who appears as executrix of the estate of the indorser of the note, is not liable thereon.

It seems to be reasonably well settled that the due date of a promissory note payable at a fixed time may be accelerated by a clause in a mortgage or a deed of trust securing the same providing that it shall become due before the time fixed, in the event of some other default than in its payment, for the purpose of an action upon the note and to foreclose the mortgage. Thus, the time of payment is accelerated by a provision for the maturity of the principal on the

default of the payment of an installment of interest, or taxes, or insurance on mortgaged property, by a provision in one of a series of notes or other instruments, or in a mortgage or deed of trust securing the same, that the entire sum shall become due and payable upon default of any one of the instruments or by a provision in a note payable in installments that the whole shall become due upon default in the payment of any installment. When a note provides it shall become due upon default in the payment of any installment of interest, such default renders it due immediately, and entitles the holder to maintain an action at once for the entire debt. In such cases the default also renders the paper due as respects indorsers and guarantors. 8 C. J. 415.

This court has several times held that in an action on the note and to foreclose the mortgage given to secure its payment the note and mortgage are to be construed as one contract, and where the mortgage contains a provision that upon default of the payment of interest the note and mortgage become due immediately, an action may be maintained thereon. F. B. Collins Inv. Co. v. Sumner, 42 Okla. 634, 142 Pac. 318; City Development Co. v. Picard, 44 Okla. 674, 146 Pac. 31.

In the case at bar, as we have seen, the provision accelerating the due date is in the mortgage and not in the note, the note upon its face not being due when the action was commenced.

In Westlake v. Cooper et al., 69 Oklahoma, 171 Pac. 859, it was held that when the stipulation for acceleration in payment is contained in the mortgage and not in the note, the notes are evidence of the debt fixing the terms and time of its payment. The mortgage gives a lien upon real estate to secure the promise to pay contained in the note and merely affords an additional remedy for the failure to perform such promise; its provisions relating wholly to the security.

In Phillips v. Williams, 33 Okla. 766, 127 Pac. 1072, it was held that the provision in the mortgage accelerating payment relates to the remedy of foreclosure under the mortgage, and that upon default the mortgage may be foreclosed for the whole debt; that the provision is for the advantage of the mortgagee and of full force as to a remedy on the mortgage, but does not operate to vary or extinguish the obligations expressed on the face of the notes themselves for general purposes.

In another case, Alwood v. Harrison, 66 Oklahoma, 171 Pac. 325, it was held that in an action upon the note alone the provision in the mortgage only operates to accelerate the time of payment of the note where a foreclosure of the mortgage is sought, and that default in the payment of interest does not accelerate the maturity of the note for the purpose of an action upon the note alone.

So, it seems that under the authorities in this jurisdiction the holder of a promissory note secured by a mortgage containing an accelerating clause, has two alternative remedies: First, he may commence an action on the note and to foreclose his mortgage upon default in the payment of interest, and in that event a violation of the accelerating provision has the effect of maturing both the note and the mortgage; second, he may strip the note of its impedimenta and sue upon it alone without reference to the mortgage, in which event he must treat the note as a courier without luggage, as it appears to be on its face, and be governed solely by its terms as to date of maturity.

In this action, as we have seen, the plaintiff selected the first alternative. In these circumstances it seems quite clear that under the authorities cited the note became due according to the terms of the accelerating provision of the mortgage; that is, upon default in the payment of the interest. We are unable to perceive why, in these circumstances, the holder of the note should be excused from presenting the note for payment or from giving the indorser notice of dishonor. The note was always a negotiable instrument, and under the Negotiable Instruments Law presentment for payment and notice of dishonor are necessary in order to hold an indorser liable. Westlake v. Cooper, supra.

Indeed, the necessity for presentment for payment and notice of nonpayment is not seriously questioned by counsel for the defendant in error. He concedes the maturity of the note under the acceleration clause of the mortgage at the time the action was commenced, but contends that the note not being due by its terms, it could not be presented for payment and notice of dishonor could not be given until it was thereafter dishonored on presentation for payment. We do not understand that the authorities cited go to this extent. The authorities seem to hold that where, as in the case at bar, the creditor elects to enforce the accelerating clause and action is commenced upon the note and for the foreclosure of the mort-

gage, for default in the payment of interest, the note and mortgage constitute a single contract, which must be so construed as to give effect to all its parts, and when the mortgage provides that the note shall become due upon default in the payment of any installment of interest such default renders the note due immediately and entitles the holder to maintain an action at once for the entire debt; and that in such case the default also renders the paper due as respects indorsers and guarantors.

There was some intimation in argument that in order to put the acceleration clause into operation, action on the instruments must be actually commenced, and, therefore the commencement of the action was all the presentment for payment and notice of dishonor that, in the circumstances, was possible. In our opinion this position is untenable. The accelerating clause specifically prescribes that the entire sum shall become due and payable at once upon default in the payment of interest without any further action on the part of the holder. This contingency having happened, the paper matured in accordance with the terms of the acceleration clause and the necessity for presentment for payment and notice of dishonor immediately arose.

For the reason stated, the action of the trial court complained of is reversed, and the cause remanded, with directions to proceed in accordance with the view herein expressed.

PITCHFORD, V. C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.