**GRIFFITTS, Adm'r, v. FIELD, Adm'r.**

No. 14178—Opinion Filed Sept. 18, 1923.

(Syllabus.)

### Mortgages—Foreclosure—Attorney's Fee.

In an action to foreclose a real estate mortgage executed to secure the payment of the principal sum of $3,482.05 and interest, where the court entered a decree of foreclosure and allowed the plaintiff an attorney's fee of $150, said mortgage providing that, "In the event of foreclosure the mortgagor will pay to the plaintiff $_____ as a reasonable attorney's fee in addition to all other legal cost and statutory fees," held, the fee was properly allowed and the judgment be affirmed.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by Roderick Cameron (revived in the name of F. B. Field, administrator of estate of Roderick Cameron, deceased) against J. L. Griffitts personally and as administrator of estate of Grace A. Griffitts, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

B. F. Willett, J. L. Griffitts, and Horton & Horton, for plaintiff in error.

D. P. Parker and Jay T. Botts, for defendant in error.

KENNAMER, J. Roderick Cameron, plaintiff, instituted this action in the district court of Harper county against the defendant, J. L. Griffitts, administrator of the estate of Grace A. Griffitts, deceased, et al., to foreclose a real estate mortgage executed by J. L. Griffitts and Grace A. Griffitts to secure the payment of two promissory notes executed by said Griffitts to the plaintiff aggregating $3,482.05, including interest.

The trial court entered a judgment and decree foreclosing said mortgage and allowed an attorney's fee of $150, and taxed the same as part of the cost of the action. Defendant prosecutes this appeal to reverse the judgment of the trial court, and the only error assigned is that the court was unauthorized to allow the plaintiff an attorney's fee of $150 in foreclosing the mortgage. The mortgage foreclosed, after having described the notes secured, contained the following provision:

"And said mortgagor further expressly agrees that in the event of foreclosure of this mortgage, and as often as any proceedings shall be taken to foreclose the same, the mortgagor will pay to the plaintiff $_____ as a reasonable attorney's fee or solicitor's fee therefore, in addition to

all other legal costs and statutory fees, said fee to be due and payable upon the filing of the petition for foreclosure."

It is insisted that because the clause in the mortgage left the amount blank which the mortgagors agreed to pay as a reasonable attorney's fee, the plaintiff was not entitled to recover such a fee and have the same taxed as a part of the cost in the action, and that the case of Oklahoma City Development Co. v. Picard, 44 Okla. 674, 146 Pac. 31, supports the contention of counsel for the defendant. The court in this case held that a note and mortgage given to secure the payment of the same are construed together as one contract, and where it was sought to foreclose the mortgage, and the note secured thereby contained no provision for the payment of an attorney's fee, and the mortgage contained no agreement for the payment of such fee, but said mortgage in describing the note contained the following as part of the description of the note: "_____per cent. additional as attorney's fee in case of legal proceedings to collect," this case turned upon the proposition that this description of the note in the mortgage, being only a misdescription of the note thereby secured, did not constitute an agreement to pay an attorney's fee in case of foreclosure of the mortgage. This case, when properly considered, holds directly against the contention of counsel for the defendant in the instant case.

The mortgage under consideration in plain language provides for the payment of a reasonable attorney's fee in the event of foreclosure proceedings, and, as stated by Commissioner Galbraith in the case, supra, from which we quote the following pertinent language, the fact of the amount of the fee being left blank is not material:

"The right of the plaintiff in the foreclosure proceedings to claim an attorney's fee, and of the court to allow the same in the decree of foreclosure, depends entirely upon the contract of the parties, since there is no statute in this state authorizing the same. Stover et al. v. Johnnycake, 9 Kan. 368; Morris v. German, 14 Kan. 222; Kyle v. Hamilton (Cal.) 68 Pac. 484.

"The language above quoted from the mortgage does not clearly import an agreement on the part of the mortgagor to pay an attorney's fee in case of legal proceedings to collect the debt; if it did, it would be a valid provision and properly enforceable; and, the amount of the fee not being provided in the contract, the court might find and allow a reasonable fee. The provision quoted was evidently intended by the parties to be a description of the note, and the clause therein relating to the attorney's fee is a misdescription and surplusage."

It is apparent from a consideration of this case, supra, the mortgage there considered did not contain an express agreement to pay a reasonable attorney's fee in case of foreclosure. But, in the case at bar, we are clearly of the opinion that the trial court correctly construed the mortgage as expressly agreeing to pay a reasonable attorney's fee in case of foreclosure, and there being no complaint that the fee of $150 was not reasonable, it necessarily follows that the judgment of the trial court must be affirmed. It is so ordered.

All the Justices concur.