## WESTER v. LUCAS et al.

No. 26243. April 7, 1936.

Rehearing Denied May 26, 1936.

W. R. Wheeler, for plaintiff in error.

Pruett & Wamsley, for defendants in error.

PER CURIAM. This is an appeal from a judgment rendered in the district court of Caddo county, Okla. Plaintiff therein, C. C. Lucas, sought to foreclose a first mortgage on real estate belonging to Charles Wester, defendant. W. E. Fuller, also a defendant, sought by cross-petition to fore-

close a second mortgage on the same land against said Wester. Judgment was rendered in favor of C. C. Lucas and W. E. Fuller, foreclosing their respective mortgages. No point is made as to the second mortgage, so consideration will be limited to the issues between C. C. Lucas and Charles Wester, who will be referred to herein as plaintiff and defendant, respectively, as designated in trial court.

Plaintiff's petition alleged that defendant, for value, executed to plaintiff a promissory note for $6,000, payable three years after date, with interest at 8 per cent. per annum, payable annually, and secured same by a real estate mortgage covering the following property, to wit:

"Beginning 1,584 feet South of the corner of sections 14, 15, 22 and 23, township 7 north, range 10; thence west 1,982 feet; thence south 1,056 feet; thence due east 1,982 feet; thence north 1,056 feet, formerly constituting blocks 5, 6, 7, 8, 9, 10, 11 and 12, of Wester's addition to Anadarko, as shown by the record plat thereof."

That said mortgage provided if the money or any part thereof, or interest thereon, or taxes on the premises, were not paid when due, that the entire debt should become immediately due and payable without notice.

That the condition of the mortgage was broken May 19, 1932, by nonpayment of the interest then due, by reason whereof plaintiff was entitled to foreclose. That the amount due was $6,647.50, with interest thereon from January 25, 1933, at 8 per cent. and $200 attorney's fee, and costs. Copies of the note and mortgage were attached to the petition.

Defendant's answer was a verified general denial. The cause was tried to the court without a jury. Judgment went for plaintiff as prayed. The vital part of defendant's motion for new trial set out in substance that the judgment was contrary to the evidence and that reversible errors occurred at the trial.

These contentions were renewed in the assignment of error, the fifth proposition in which (and the only one insisted upon as vital) was:

"Said court erred in admitting evidence on the part of defendant in error over the objection of plaintiff in error."

This assignment was directed at the admission by the court of the note and mortgage sued upon. The record, with reference to the admission of same and the objection thereto, appears in the journal entry in the following words:

"Plaintiff offered note and mortgage * * * defendant objected to the introduction of note and mortgage in said cause * * * for the reason that the same is incompetent, irrelevant and immaterial."

Was this error? We think not. Immediately following the appearance of all parties to this suit and their announcement of readiness for trial, the record shows the following statements were made by counsel of record to the court:

"Mr. Wamsley (attorney for plaintiff):

"There is due to this date on the first mortgage $6,813.67, $200 attorney's fee and for court costs ___ that is, on the first mortgage. On the second mortgage there is the sum of $3,097.50 and $200 attorney's fee and court costs. Then this answer was filed in the case and, of course, under the law, he has nine months to wait for judgment; interest figured up for the nine months on the total of both causes of action will amount to, within nine months, $10,772.52 and $400 attorney's fee, taxes for the year 1932 and costs, making $11,172.54."

"Mr. Wheeler (attorney for defendant):

"We will admit, possibly, everything but the forfeiture clause. Mr. Wamsley: You will admit that those amounts are due on it? Mr. Wheeler: We will admit it is approximately, outside of the forfeiture clause. We reserve the right to object to that forfeiture clause all the way through. Mr. Wamsley: This is a straight note and mortgage. There is a five-room house on the place. It contains 44 acres, and the 44 acres outside of a little place around the house is in alfalfa. That is right, is it not, Mr. Wheeler? Mr. Wheeler: Yes."

Testimony from witnesses then follows with reference to the value of the property; the rental value of the house and farm and the necessity for a receiver.

Following is part of the examination of defendant by his counsel:

"Q. Now, Mr. Wester, are you willing to turn all the rents over to Mr. Lucas, the plaintiff? You are, are you not? A. Everything that the place and the house produces this year. Yes, and glad to do it. * * * Q. Are you willing to secure that amount for Mr. Lucas as soon as the crops are sold? Are you willing to secure it to be paid to him? A. I contracted— Q. You contracted and will give security for it, won't you? A. Yes, sir."

On cross-examination he indicates that he is defendant in the case and owns the property. Proof is introduced as to attorney's fee, in the course of which Mr. Wheeler, counsel for defendant, said:

"We are trying to get the money out of the federal loan to pay this up and, of course, we do not want to get any more tacked on than possible."

It is to be observed that defendant, through his counsel of record, admitted the amounts then due on these mortgages, $6,-813.67 plus $200 attorney's fee and court costs on the first mortgage, and $3,097.50 plus $200 attorney's fee and costs on the second mortgage, plus taxes. The note and mortgage were dated May 19, 1931, and the latter described the former. The action was commenced January 25, 1933.

Defendant's first position is that there was no declaration of plaintiff that he elected to declare the whole debt due upon default. The mortgage contains the provision: "but if default be made in such payment or any part thereof, or interest thereon when due * * * that this conveyance shall become absolute and the whole shall become due and payable. * * *"

If the above admissions are binding, and the figures appearing therein as to the amount due on the first mortgage are correct, and if the above provision from the mortgage is to be given full effect, certainly the mortgage was in default and plaintiff was entitled to foreclose. It seems to us that no better proof of plaintiff's purpose to rely upon such default and on that account to foreclose his mortgage could be offered than this suit alleging such default and praying foreclosure.

In Bollenbach v. Ludlum, 84 Okla. 14, 201 P. 982, the court holds at page 984:

"The authorities seem to hold that where, as in the case at bar, the creditor elects to enforce the accelerating clause and action is commenced upon the note and for the foreclosure of the mortgage, for default in the payment of interest, the note and mortgage constitute a single contract, which must be so construed as to give effect to all its parts, and when the mortgage provides that the note shall become due upon default in the payment of any installment of interest, such default renders the note due immediately, and entitles the holder to maintain an action at once for the entire debt. * * *"

See, also, F. B. Collins Inv. Co. v. Sanner, 42 Okla. 634, 142 P. 318; Oklahoma City Dev. Co. v. Pickard, 44 Okla. 674, 146 P. 31; Phi'lips v. Williams, 33 Okla. 766, 127 P 1072; Flesher v. Hubbard, 37 Okla. 578, 132 P. 1080; Damet v. Aetna Life Ins. Co., 72 Okla. 122, 179 P. 760.

Defendant next contends that his verified general denial put in issue all the material facts alleged in the petition. Nothing else appearing, that is true. His general denial is equivalent to a statement under oath that he did not execute the note and mortgage and that he was not indebted to plaintiff. The denial in this case is sweeping and comprehensive, and applies to both mortgages and notes secured thereby. But within five minutes after the opening of the trial of this case defendant's counsel, in open court, admitted the execution of both the mortgages and the notes secured thereby and approximately the amount due thereon.

We must assume that defendant was at the elbow of his counsel, and if there were any inadvertent, improvident, or unauthorized admissions by his counsel, they should have been promptly repudiated in fairness to all parties and to the court. But no protest was made by defendant, nor was any withdrawal of such admissions sought by his counsel. Why, then, should defendant be allowed to hark back to his general denial and insist that some material fact was at issue because of such denial, despite contrary admissions just as sweeping and solemn in character made in his behalf by his counsel in open court? We offer no criticism of this attitude and action save only such as must logically follow from a plain statement of the facts.

An action before the district court for foreclosure of a mortgage is equitable in its nature and trial therein is often attended with less formality than a trial before a jury. This rather liberal practice is due, we think, to the desire of counsel, and also of the court, to economize in point of time and money, and also to a disposition to regard attorneys as officers of the court whose duty it is not only vigorously and loyally try their causes, but also to present nothing false before the court and to fairly promote the administration of justice. Admissions of counsel, when fairly and clearly made, should be readily accepted at face in the trial of any case.

In Prestwood v. Watson, 111 Ala. 604, 20 So. 600, may be found this rather apt statement:

"When they (admissions of counsel) are made deliberately and intelligently, in the presence of the court and reduced to writing, they are the best species of evidence, and parties cannot be permitted to retract them, as they are not permitted at pleasure to retract admission of fact made in any form. If they are made improvidently and by mistake, and the improvidence and mistake be clearly shown, the court has a dis-

cretion to relieve from their consequences,—a discretion which should be exercised sparingly and cautiously."

Our courts have approved these words from the Alabama court. Mid-Co Gasoline Co. v. Back, 95 Okla. 29, 217 P. 1041. Cases to the same effect could be multiplied.

The record shows that the note and mortgage were offered en bloc—and subsequent to the foregoing admissions. In the admissions there was no reservation as to the note nor as to the mortgage except as to the effect of the "forfeiture clause." We rest our decision as to the introduction of these instruments upon the admissions made. Neither parties nor counsel may admit facts before the court ostensibly to shorten proof and facilitate the trial, and then quibble—and secure a new trial because the court received in evidence proof of those things already admitted.

Aside from any admission, section 9690, O. S. 1931, provides in substance that all instruments affecting real estate executed and acknowledged in accordance with the statute are receivable in evidence in all courts without further proof of their execution. This mortgage was acknowledged according to law. Such instruments are receivable in evidence even though their execution is denied under oath. Key v. Midland Savings & Loan Co., 145 Okla. 79, 291 P. 573; Dyal v. Norton, 47 Okla. 794, 150 P. 703; Aurelius Swanson Millwork Co. v. First National Bank, 107 Okla. 203, 231 P. 471.

The mortgage was clearly admissible. The claim that it was not relevant or material could be based only upon the contention that the plaintiff was not called upon to prove that which the defendant had already admitted. This is reasoning in a circle and gets nowhere.

Defendant finally urges that "there is no evidence in the record to show or identify the note or mortgage on which the judgment in this case is based." This contention does not deserve and will not receive further discussion.

After a careful reading of this record and weighing the evidence we find that the judgment is proper and is not against the clear weight of the evidence, and that therefore the judgment should be, and the same is, affirmed.

The Supreme Court acknowledges the aid of Attorneys Crawford D. Bennett, Duke Duvall, and W. A. Lybrand in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bennett and approved by Mr. Duvall and Mr. Lybrand, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.