## DEMPSEY OIL & GAS CO. v. CITIZENS' NAT. BANK.

No. 13519—Opinion Filed March 17, 1925.

Rehearing Denied May 5, 1925.

1. **Appeal and Error—Questions of Fact—Circumstances of Bank Deposit.**

The question of who deposited certain funds in a bank, and the manner of depositing same, is one of fact, and when submitted to a jury under proper instruction by the court. the verdict of the jury will not be disturbed when the evidence is conflicting, or when there is evidence reasonably tending to support the same.

2. **Banks and Banking—Status of General Deposit—Trust Funds.**

A bank deposit, without any limitations, or restrictions, or qualifications, such as is usually made in the due course of business, subject to be drawn out by the depositor on demand is a general deposit, and creates the legal relation of debtor and creditor, between the bank and depositor. In legal effect the deposit is a loan to the bank. This is equally so whether the deposit is of trust moneys, or funds which are impressed with no trust, provided the act of depositing is no misappropriation of the fund. The bank simply becomes indebted to the depositor in his fiduciary capacity.

3. **Same—Withdrawal of Deposit—Duty and Liability of Bank.**

A bank cannot question the right of its customer to withdraw funds, nor refuse (except in the instances already noted) to honor his demands by check; and therefore,

even though the deposit be to the customer's credit in trust, the bank is under no obligation to look after the appropriation of the trust funds when withdrawn, or to protect the trust by setting up a jus tertii, the right of a third party, against a demand. But if the bank has notice or knowledge that a breach of trust is being committed by an improper withdrawal of funds, then it will undoubtedly be liable.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Grady County; Will Linn, Judge.

Action by the Dempsey Oil & Gas Company against the Citizens National Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

Holding & Herr, for plaintiff in error.

R. D. Welborne and Bond, Melton & Melton, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Grady county on December 4, 1919, by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover the sum of $465, with interest. The plaintiff alleges that on or about August 5, 1918, it was the owner of certain United States Liberty Bonds of the value of $500, and that on or about said date, the plaintiff, through its secretary and treasurer, P. C. Stacy, delivered said bonds to defendant bank, and instructed said bank, through its cashier, Ed. F. Johns, to sell said bonds and place the proceeds thereof to the credit of plaintiff herein in said bank. That shortly thereafter the defendant did sell the bonds receiving therefor the sum of $465, and in violation of the instruction given to said bank by the plaintiff, through its secretary and treasurer, said bank deposited said sum to the individual credit of Homer Naudain, instead of depositing the same to the credit of plaintiff herein, as formerly instructed. That shortly thereafter, over the objection and protest of plaintiff, defendant bank permitted said Naudain to wrongfully and without authority draw said funds from said bank, and refused to pay said sum to this plaintiff. To which petition the defendant files its answer and denies that the plaintiff company, through its secretary and treasurer. P. C. Stacy, delivered said Liberty Bonds to its bank, or any of its agents or servants, or to Ed. F. Johns, its cashier, for the purpose of having said bonds sold, and proceeds thereof placed to the credit of plaintiff. And further answering avers that

on or about—day of August, 1918, there was delivered to the cashier of said bank certain United States Liberty Bonds of the par value of $500 by Homer Naudain, with the request and direction that said bank sell and dispose of said bonds for the credit and account of said Homer Naudain, and that said bank, in compliance with such request, did sell said bonds for the sum of $465, and in compliance with the directions given, placed said sum to the credit of Homer Naudain; that said defendant bank never at any time knew or had knowledge that the plaintiff had or claimed any right or title to said bonds, or the proceeds thereof; that said bonds were delivered to said Homer Naudain; and further answering say that said funds were checked out of said bank by said Naudain in due course upon proper checks and demand. And deny that it is indebted to said plaintiff in any sum, and request that the said Homer Naudain be made a party to this action; and if for any cause plaintiff should be entitled to recover said funds or any part thereof, that this answering defendant would be entitled to judgment over and against the said Naudain for such sum and cost. And thereafter the said Homer Naudain voluntarily filed his answer, which adopts and is in accord with the answer of defendant bank, and further answering, avers that at the time of the transaction he was the president of the plaintiff, Dempsey Oil & Gas Company, and that said company was indebted to him in the sum of $525, for services and expenses, and that as the president of said company he applied said bonds, and the proceeds thereof, as part payment of the amount due and owing him by said company at that time; and further answering, admits that in the event plaintiff should recover in this action against the defendant bank, said defendant bank would be entitled to have judgment against him for whatever amount said plaintiff should recover against said bank. Thereafter, on October 2, 1919, the plaintiff filed its motion to strike the answer of said Homer Naudain for the reason that same was filed without an order of the court. as making said Naudain a party defendant, and for the reason that said Naudain is neither a necessary nor proper party defendant to the action; and thereafter on the 14th day of October, 1920, the court sustained said motion, striking said answers from the files and discharged said Naudain as defendant in the action, for the reason that he was not a necessary or proper party defendant. to which order of the court the defendant Naudain and the defendant bank

duly objected and excepted. And thereafter on the 15th day of January, 1922, the case was called for trial and submitted to the jury, which, after hearing the evidence and instructions of the court, returned its verdict in favor of the defendant. Plaintiff files its motion for a new trial, which was duly overruled, and judgment was entered by the court in accord with the verdict of the jury, from which order and judgment the plaintiff appeals.

The appellant sets forth the following specifications of error, viz., the court erred in refusing requested instruction by the plaintiff, and in overruling the plaintiff's motion for a new trial, and in rendering judgment in favor of the defendant and against the plaintiff; and in its argument states that:

"The only question involved in this appeal is as to whether or not the court erred in refusing the requested instructions."

The instruction referred to is as follows:

"Gentlemen of the jury, you are instructed if you believe from the evidence in this case that the defendant, Citizens National Bank, at the time that they paid out the fund in question, knew that said fund was the fund of the said Dempsey Oil & Gas Company, and were advised by said company that said fund was the fund of said company, and after being so advised, and after having received knowledge that said fund was the fund of the Dempsey Oil & Gas Company, paid said fund to Homer Naudain, then in that event your verdict should be for the plaintiff."

This instruction in all probability would have been important and proper had the answer of Homer Naudain, which clearly raised the issue of ownership of the fund, been permitted to stand, which would have necessitated the adjudication of that question, but as we view it, when the answer of Naudain was stricken, the remaining issue raised by the pleadings, the petition of plaintiff and answer of the defendant bank, was that of who made the deposit, which one of the officers of the Dempsey Oil & Gas Company, whether its president, Naudain, or its secretary and treasurer, Stacy, and whether or not the bank acted in violation of any instruction requested or directions given, and that is the theory upon which the court submitted the case to the jury, as indicated by the following instruction found in the record, and of which no objections were made or exceptions taken by either the plaintiff or defendant. The instruction was as follows:

'The court instructs the jury that if you find and believe from a fair preponderance of the evidence that on or about the 5th of August, 1918, that the plaintiff, the Dempsey Oil & Gas Company, was the owner of the Liberty Bonds of the face value of $500, and through its secretary and treasurer, P. C. Stacy, took said bonds to the defendant Citizens National Bank, and instructed its cashier, Ed. F. Johns, to sell said bonds, and to place the proceeds thereof to the credit of the plaintiff, the Dempsey Oil & Gas Company, and you further find and believe from the evidence that the bank did sell said bonds, and in the violation of the instructions given said bank by said P. C. Stacy, deposited the proceeds thereof to the credit of Homer Naudain then in that event, the law would be for the plaintiff, for the full amount sued for, with six per cent. interest from November 1, 1918."

To this instruction the plaintiff made no objection. The court instructed the jury on the defendant's theory of the case as follows:

"The court further instructs the jury that although you may find and believe from the evidence in this case that the Dempsey Oil & Gas Company was the owner of certain Liberty Bonds of the face value of $500, still if you find and believe from the evidence that P. C. Stacy, the secretary and treasurer of the plaintiff company, delivered said bonds to Homer Naudain for the purpose of delivering same to the defendant, Citizens National Bank, for sale, and that the said Naudain did deliver said bonds to the defendant bank for the purpose of sale, and never instructed the bank that they were the property of the plaintiff, the Dempsey Oil & Gas Company, and the bank sold the same and applied the proceeds to the credit of Homer Naudain, then in that event the law would be for the defendant and you should so find."

No objection to this instruction was made by the plaintiff.

The record discloses that P. C. Stacy, secretary and treasurer of the plaintiff company, testified substantially to the allegations of plaintiff's petition to the effect that he delivered the Liberty Bonds in controversy to the defendant bank and instructed its cashier, Ed. F. Johns, to sell same and place the proceeds thereof to the credit of the company, appellant herein, and that he thereafter on the first day of November, 1918, gave a check for said funds, which was returned unpaid, marked "no account" and that he thereafter took the matter up with Mr. Ellis, one of the officers of the bank, and also Ed Johns, its cashier, and for the first time learned that the funds had been placed to the credit of Homer Nau-

dain. Ed Johns was called as a witness and substantially supported the averments of the defendant's answer, and testified that Homer Naudain brough. the bonds in question to the bank and requested that he sell same and place the funds to his, "Naudain credit"; that he subsequently sold said bonds and placed the proceeds thereof to Naudain's credit and that he had a conversation with Mr. Stacy at the time the payment was refused on the Stacy check, at which time the funds were still on deposit in the bank to the credit of Homer Naudain. Homer Naudain testified that he secured the Liberty Bonds from P. C. Stacy and delivered same to the bank and requested Mr. Johns, the cashier, to sell same and place the proceeds to his credit, and upon cross-examination admitted that the bonds at the time he received same were the property of the plaintiff, Dempsey Oil & Gas Company. Counsel for plaintiff objected to the witness making any statement concerning any agreement had with Stacy at the time the bonds were taken, in support of the contention of the witness, Naudain, and the court sustained the objection, and the question of Naudain's interest or ownership in the funds in controversy was not adjudicated; the court having sustained the motion to strike his answer and try the case on the issues as joined by the petition of plaintiff and the defendant's answer.

The appellant cites numerous authorities in support of their contention or theory that the funds belonged to the Dempsey Oil & Gas Company, and that the bank had knowledge of this fact and cites the case of Hanna v. Drovers National Bank (Ill.) 62 N. E. 556. As we understand that case the question of ownership as to the funds involved, which was a deposit, was adjudicated by the court and found to belong to the plaintiff and not to the person making the deposit. And the case of Sims, Executor, v. United States Trust Co. (N. Y.) 9 N. E. 605, was a case where Sims drew a check on the Peoples' Bank to the defendant bank, United States Trust Company, and delivered the check to one Crowell for the purpose of having it deposited in the defendant bank. There was nothing on the face of the check to indicate anything other than that the money, which it represented, belonged to Sims. Crowell, instead of depositing the money in the name of Sims as directed, requested that it be deposited to him as trustee for Sims and thereafter drew the money out by check, and used it for his own use and benefit.

The court held in that case that the bank was liable to Sims for the deposit for the reason that the verbal request of Crowell, that the money be placed to his credit as trustee for Sims. was in no wise binding upon Sims and was not sufficient authorization to justify the bank in depositing the money in that manner, and permitting same to be checked out by Crowell. This presents an entirely different state of facts, from those with which we are now concerned, and we do not regard the authorities as applicable in this case.

Appellant cites numerous other authorities, but from an examination of same, we find that the question of ownership was either admitted or else adjudicated by the court and determined to be the property of the complaining party, and not the property of the person who deposited or checked same out, and for that reason these cases are not applicable to the case at bar. The deposit as made by Naudain was a general deposit and created the legal relation of debtor and creditor as to the defendant bank and Naudain, and under the general rule the bank is accountable as a debtor, and the relation between it and a general depositor is essentially that of a debtor and creditor. In legal effect the deposit is a loan to the bank. This is equally so, whether the deposit is of trust moneys or funds, which are impressed with no trust, provided the act of depositing is no misappropriation of the funds. The bank simply becomes indebted to the depositor in his fiduciary capacity. (See art. 149, 3 R C. L.) In the case of Duckett et al. v. National Mechanics' Bank of Baltimore et al. (Md. App.) 38 Atl. 983, in the body of the opinion, we find this language:

"If it be deposited by one as trustee, the depositor, as trustee, has the right to withdraw it, and the bank, in the absence of knowledge or notice to the contrary, would be bound to assume that the trustee would appropriate the money, when drawn, to a proper use. Any other rule would throw upon a bank the duty of inquiring as to appropriations made of every fund deposited by a trustee or other like fiduciary; and the imposition of such a duty would practically put an end to the banking business because no bank could possibly conduct business if, without fault on its part, it were held accountable for the misconduct or malversations of its depositors who occupy some fiduciary relation to the fund placed by them with the bank. In the absence of notice or knowledge, a bank cannot question the right of its customers to withdraw funds, nor refuse (except in the instances already noted), to honor his demands by check; and therefore, even though the deposit be to

the customer's credit in trust, the bank is under no obligation to look after the appropriation of the trust funds when withdrawn, or to protect the trust by setting up a **jus tertii**, (the right of a third party), against a demand. But if the bank has notice or knowledge that a breach of trust is being committed by an improper withdrawal of funds, or if it participates in the profits or fruits of the fund, then it will be undoubtedly liable. In support of these general principles, if support they need at all, we may refer to Munnerlyn v. Bank, 88 Ga. 333, 14 S. E. 554; Bank v. Reilly, 124 Ill. 464, 14 N. E. 657; Board of Chosen Freeholders of County of Essex v. Newark City Nat. Bank, 48 N. J. Eq. 51, 21 Atl. 185, —all cited in 3 Am. & Eng. Enc. Law (2d. Ed.) 833, 834; Walker v. Bank, 25 Fed. 255; 1 Morse, Banks, Art. 317; Swift v. Williams, 68 Md. 237, 11 At. 835."

The contention made by appellant that the deposit was in the nature of a trust fund and that the bank had knowledge of this fact at the time it paid the money out on the check of Naudain we do not think is well taken, or even conceding that fact to be true, Naudain, being an officer, and evidently a stockholder in the company, would be presumed to have the right to check out the funds of the company, which he himself had deposited in his own name, and the bank would in no wise become liable to the company unless the moneys were being checked out by Naudain fraudulently and with the intent to mi.apply and misappropriate same, unless such fact be known to the bank at the time it paid out the funds. There is no testimony in the records disclosing any such conditions and there is nothing to indicate that the bank was to receive or expected any profits or fruits by reason of the transaction, and so far as the records disclose, and according to the contention of the defendant bank, it had no knowledge of any intention on the part of Naudain to violate or breach any trust, or that the funds were not individual funds of the said Naudain, or at least such funds as he was entitled to appropriate to his own use and benefit.

The quotation from the Duckett Case, we think, is a fairly correct statement of the proper rule, and applied to the instant case, we think supports the verdict of the jury and the judgment of the court in accordance therewith, for the reason that the question of ownership was not adjudicated, on the theory upon which the case was tried at the election and instance of the appellant herein. The question of whether Naudain was entitled to the funds was not determined, and from the facts as disclosed

from the record before us, this court is unable to say whether Naudain was entitled to place the funds to his own credit and check same out for his own use and benefit or not, and likewise the bank was unable to determine that fact, and according to the contention of the bank, the funds having been deposited with it by Naudain and to Naudain's credit, they were justified in honoring his check drawn on the same, and this seems to have been the judgment of the jury. Under the instructions as given, which we think fairly submit the issues as joined by the pleadings, the jury evidently found that the money was deposited by Naudain, as contended by the defendant, and not by Stacy, as contended by the plaintiff, and we think there was evidence reasonably tending to support this position. The evidence is clearly conflicting on this point, but we are not prepared to say that same does not reasonably support the verdict of the jury, and therefore recommend that the case be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, § 2834. (2) 7 C. J. pp. 630, 631, § 306; p. 633, § 308; p. 641, § 326. (3) 7 C. J. p. 680, § 402 (1926 Anno).