## ISELIN v. FARROW et al.

No. 16097—Opinion Filed Dec. 22, 1925.

**1. Banks and Banking—Deposits Under Agreement.**

A bank deposit may be subject to any agreement which the depositor and the bank may make with respect to it, so long as the rights of third persons are not injuriously affected.

**2. Same—Liability of Bank for Conversion of Deposits.**

Where money is placed on deposit in a bank under an agreement that same is to be held pending an investigation to determine the priority of mortgage liens held by the bank and one of the parties to the agreement, and the bank, without authority or permission from anyone, converts the deposit to its own use and benefit by giving credit on the indebtedness of the defendant to the bank, the bank is subject to garnishment by the senior mortgagee for the deposit so converted.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Jackson County; A. S. Wells, Assigned Judge.

Action by Hope G. Iselin against C. G. Farrow and the Farmers & Merchants Bank of Duke, Okla., garnishee. Judgment for plaintiff, who appeals that part of judgment discharging garnishee. Reversed.

G. E. Thorpe, for plaintiff in error.

T. M. Robinson, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Jackson county, Okla., by plaintiff in error, as plaintiff, against the defendants in error, as defendants. The action was to recover $597.88 against the defendant Farrow; the defendant Farmers & Merchants Bank of

Duke was garnishee. Upon the trial of the case before the court, a jury having been waived, judgment was rendered in favor of the plaintiff, Iselin, and against the defendant Farrow for the amount sued for, and the garnishee was discharged, from which portion of the judgment the plaintiff appeals.

The facts as disclosed by the record show that the defendant Farrow was a tenant on the farm of the plaintiff, Mrs. Iselin. Farrow had rented the farm for a period of three years and executed three notes of the sum of $500 each, the agreed rental under the terms of the contract for the farm, and gave a mortgage on the crops to be produced on said farm to secure payment of the rental notes, one of which became due each year. The garnishee bank held a second mortgage, and in 1921, the defendant Farrow sold certain wheat which had been produced on the farm and which was covered by each of the mortgages. Some controversy arose as to which of the mortgagees was entitled to the proceeds of the wheat, and the defendant Farrow, the garnishee, the Farmers & Merchants Bank, and a Mr. Perry, who was the agent of Mrs. Iselin, entered into an agreement, whereby it was agreed by all the parties here concerned that the money received from the sale of the wheat should be deposited in the defendant bank, and there held until they could determine which of the mortgagees held the prior lien, and that same should be paid to whoever was entitled to same by reason of holding the senior or prior lien. It was also agreed that the defendant Farrow might draw checks on the deposit in small amounts for feed and provisions, and pursuant to this agreement, the defendant Farrow did draw checks on the deposit, which were paid. Thereafter, Mr. Reaves, an officer of the Farmers & Merchants Bank, defendant, drew a check on said deposit by signing the name of the defendant Farrow, by Reaves, to the check, and credited the same on the note of Farrow held by the bank, and under this state of facts, the trial court discharged the garnishee, and this action of the court is assigned as error by appellant. There are other matters discussed, but we think this phase of the case is decisive of the question, and therefore make no mention of the other contentions raised.

In 7 Corpus Juris, page 642, the author announces the following rule:

"A bank deposit may be subject to any agreement which the depositor and the bank may make with respect to it, so long as the rights of third persons are not injuriously affected."

A similar rule is announced in 3 R. C. L., page 540, and this rule has been followed by this court in the case of Southwest Surety Insurance Co. v. Marlow et al., 78 Okla. 313, 190 Pac. 672, wherein the court adopts the rule as announced in Corpus Juris in the third paragraph of the syllabus. And in the case of Hitt Fireworks Co. v. Scandinavian American Co. (Wash.) 195 Pac. 13, in the second paragraph of the syllabus, the Supreme Court of Washington said:

"If a deposit of money in bank was special, for the purpose of paying certain outstanding checks of the depositor, and was not general, the bank had no right to charge the account of the depositor with an overdraft, and thus defeat the claim of the payee of the checks."

And further held that the question of whether or not a deposit is general or special is dependent on the understanding of the parties at the time the deposit is made. There are numerous authorities sustaining this doctrine, and it occurs to us that same are based on good reason and justice. To permit the bank to secure the deposit, or induce the parties interested to permit the deposit to be placed in the bank, by reason of an agreement such as was made in this case, and then without authority of any character convert the money to its own use and benefit, would, in our judgment, be a grossly unfair and unjust rule, not in keeping with good conscience and fair dealings, and contrary to law. We therefore find that the judgment should be and the same is hereby reversed, and there appearing to be no controversy as to the facts, the trial court is directed to sustain the garnishment against the garnishee, the Farmers & Merchants Bank of Duke.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 642, § 327. (2) 7 C. J. p. 660, § 358.