## DUNCAN v. ANDERSON.

No. 17326—Opinion Filed Nov. 23, 1926.

**1. Banks and Banking—Deposit—Subject to Agreement.**

A bank deposit may be subject to any agreement which the depositor and the bank may make with respect to it so long as the rights of third persons are not injuriously affected. Where such agreement is in writing, all parts of the instrument will be construed together to determine whether the deposit be a special or general one.

**2. Assumpsit, Action of—When Will Lie.**

In an action in assumpsit, as for money had and received, it is immaterial how the money may have come into the defendant's hands and the fact that it was received from a third person will not affect his liability, if in equity and good conscience he is not entitled to hold it against the true owner.

**3. Money Received—Privity of Contract not Necessary—Promise Implied by Law.**

Privity of contract is not necessary to support an action for money had and received, and the only privity required is that arising from a promise implied by law that the defendant, having money in his hands that rightfully belongs to plaintiff, will pay it over to him.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court. Oklahoma County; T. G. Chambers, Judge.

Action by Velma Anderson against Clate Duncan. From a judgment for plaintiff, defendant appeals. Affirmed.

W. R. Bleakmore, John Barry, Seymour Foose, and Roy Faubion, for plaintiff in error.

Lydick & McPherren and M. E. Jordan, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their o.der here. In her suit against defendant, plaintiff, Anderson, alleged that the Greenfield State Bank was the duly constituted agent of plaintiff for loaning $1,100 of plaintiff's money then in possession of said bank; that plaintiff drew a check and deposited same to the credit of Duncan, who thus received and used the money; that on December 1, 1923, plaintiff demanded said sum from defendant, and that defendant has wholly failed to pay same; that no express agreement otherwise was made between the bank, as agent of plaintiff and the defendant relative to the repayment or interest; that more than a reasonable time had elapsed, and prayed judgment in assumpsit as for money had and received. Defendant answered by general denial, denying such agency under oath. Defendant further averred:

"On March 1, 1923, plaintiff deposited the sum of $1,100 in said bank, and received and accepted and retained from said bank a written receipt and memorandum of agreement duly executed and delivered on behalf of said bank by Robt. N. Thomas, the duly appointed, authorized and acting president and manager of said bank, said written receipt and memorandum of agreement being in words and figures as follows, to wit:

"The Greenfield State Bank, Greenfield, Okla., March 1, 1923.

"We have this day received of Velma Anderson the sum of $1,100, for which we agree to allow her interest at the rate of 10 per cent. from this date until such time as it is returned to her. We agree to loan the above funds to reliable parties at the above rate of interest and to look after the collection of both the principal and interest.

"Greenfield State Bank,
"By Robt. N. Thomas, Pres."

Defendant further answered that said deposit was a general one; that the relation of debtor and creditor arose between plaintiff and the bank; that Mr. Thomas, the president of the bank, died about December 21, 1923, and the State Bank Commissioner took over said bank as insolvent and proceeded to wind up its affairs; that about January 1, 1924, defendant first learned that the books of the bank showed that on April 14, 1923, defendant's account, as shown by the books of the bank, had been credited with said deposit, "which is the item on which plaintiff bases her action herein: that said credit was so entered without the knowledge or consent of defendant and knowledge thereof was withheld and concealed from defendant by such officer of such bank and said entry of credit was by said bank omitted from subsequent statements of defend-

ant's account issued to him, and said officer of said bank had no right or authority to enter such credit and the defendant never accepted the same, nor knowingly used the same"; that if defendant became liable or indebted to any one, it was to the bank and not to the plaintiff, and if any one owed plaintiff, it was the bank; that the Bank Commissioner claimed said sum of $1,100, and demanded payment thereof from defendant, and threatened to sue defendant therefor, whereupon defendant acknowledged such claim to the bank and settled and paid same. Other matters are pleaded which are not material here. The court sustained demurrer to this answer, and because defendant elected to stand thereon, rendered judgment for plaintiff, from which defendant appeals.

1. We deem it proper to determine first the relation that arose between plaintiff and the bank because of defendant's contention of primary liability of the bank to plaintiff. Under the answer, the delivery of the $1,100 by the plaintiff to the bank was a special and not a general deposit. A delivery of property, securities, or even money, to the bank, for the purpose of having the same safely kept and the identical thing deposited returned to the depositor, is a special deposit. 7 C. J. 630. A bank deposit without any limitations, restrictions, or qualifications, such as are usually made in the due course of business, subject to be drawn out by the depositor on demand, is a general deposit and creates the legal relation of debtor and creditor between the bank and the depositor. Dempsey O. & G. Co. v. Citizens' National Bank, 110 Okla. 39, 235 Pac. 1104; 7 C. J. 628. The first sentence of the agreement, standing alone, indicates that the bank borrowed the money from plaintiff. This agreement is void in so far as it relates to the payment of more than four per cent. interest under the law. Morrison State Bank v. Michael, 54 Okla. 257. 153 Pac. 1114. Otherwise such agreement was valid since such bank had authority to borrow money. However, under elementary principles, the provisions of this agreement must be construed together. Accordingly, the instrument constitutes agency of the bank for loaning this sum with authority to collect both principal and interest. Thus, the whole instrument may be given effect because the first sentence may be harmonized with this view, whereas the second sentence cannot be harmonized with the theory that the transaction was a loan to the bank. The instrument does not evidence a general deposit, but rather a special deposit as de-

fined supra. The bank deposit may be subject to any agreement which the depositor and the bank may make with respect to it so long as the rights of third persons are not injuriously affected. Iselin v. Farrow et al., 115 Okla. 218, 242 Pac. 528.

2. As shown above, defendant substantially admits that plaintiff deposited said sum under said written agreement with the bank, which is tantamount to an admission that she owned the money at that time, the defense being that, by reason of said agreement, and other matters pleaded, she is not entitled to recover from defendant; and that the fund was delivered to the credit of defendant through the agency of the bank, defendant referring to the fund as the item on which plaintiff bases her action herein. Moreover, by pleading such settlement with the Bank Commissioner, defendant also tacitly admits that he received this fund. In 41 C. J. 47, the general rule as to money had and received. is:

"It is immaterial how the money may have come into defendant's hands, and the fact that it was received from a third person will not affect his liability, if in equity and good conscience he is not entitled to hold it against the true owner."

In Brooks et al. v. Hinton State Bank, 26 Okla. 56, 110 Pac. 46, is an able discussion of the rule that an action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain. Helm v. Mickleson, 66 Okla. 290, 170 Pac. 704. In Avery v. Abraham, 114 Okla. 101, 243 Pac. 728, the principle is well settled that, if a party through mistake receives money to which he is not justly and legally entitled, and which he should not in good conscience retain, the law regards him as a receiver and holder of the money for the use of the lawful owner, and raises an implied promise on his part to pay the same. In such case, an action in assumpsit as for money had and received will lie. Thurlwell et al. v. Rabbit et al., 110 Okla. 285, 235 Pac. 923. Under said rules, the agency of the bank is not material in the instant case. It is immaterial by what means—as through the bank—the money came into defendant's hands, because he substantially admits that he received it and that it belonged to plaintiff. The bank did not take the promissory note or obligation of defendant to repay the money at any given time. Of course this cannot relieve him from such repayment. Nor can the fact, as alleged by defendant, that he did not learn that he had received such credit on the books of the bank until

sometime thereafter relieve him. Nor could he be relieved by the fact that the bank did not include and show such deposit in such statements to defendant, since such statements to defendant did not alter the fact. He cannot say he did not accept this deposit in the face of the admitted fact that he did. It is strenuously argued, as pleaded by defendant, that scienter on the part of defendant was necessary in order to his liability. No such exception is made in the rule stated supra, and adopted by this court. The right of the plaintiff to recover this fund from defendant did not depend upon whether defendant knew plaintiff was the owner of the fund in the beginning. National Bank v. Life Insurance Co., 104 U. S. 54.

3. Nor is there any merit in the contention that there was no privity of contract between plaintiff and defendant. In Thurlwell et al. v. Rabbit et al., supra, it is held that privity of contract is not necessary to support an action for money had and received, and the only privity required is that arising from a promise implied by law, that the defendant having money in his hands that rightfully belongs to plaintiff will pay it over to him. This rule is consonant with Brooks v. Hinton State Bank, supra, and other holdings in this jurisdiction.

Plaintiff asserts that she had the right to trace this fund as a trust fund and could recover it when found in the hands of defendant. We do not deem it necessary to pitch this decision upon such ground. It is well settled that the Bank Commissioner took the bank in the condition in which he found it. He found this agency agreement by which the bank had delivered said sum to defendant by extending such credit upon the books. Thereby the Commissioner found that plaintiff was not a creditor of the bank as a depositor of said sum. Under the view we take of the liability of defendant shown by his answer, in assumpsit as for money had and received, his settlement or payment of said sum to the Bank Commissioner would constitute no defense, because, under his admissions. after knowledge of plaintiff's claim, he settled with the wrong party, and a party not before the court in the instant action. Defendant pleads himself out of court.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 631, §306

(Anno.) p. 642, §327; 13 C. J. p. 525, §486. (2) 41 C. J. p. 48, §34; anno. 25 L. R. A. 262; 2 R. C. L. p. 778; 1 R. C. L. Supp. p. 625; 5 R. C. L. Supp. p. 110; 6 R. C. L. Supp. p. 110. (3) 41 C. J. p. 39, §34; 2 R. C. L. p. 780; 1 R. C. L. Supp. p. 626; 5 R. C. L. Supp. p. 111.