### MOTHERSEAD, Bank Com'r, v. PATTESON.

No. 18014. Opinion Filed April 10, 1928.

Rehearing Denied May 22, 1928.

(Syllabus.)

**Appeal and Error—Sufficiency of Evidence—Scope of Review in Equity Case.**

In a case of equitable cognizance, the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal because of the insufficiency of the evidence, unless it is made to appear that such findings and judgment are against the clear weight of the evidence.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by D. A. Patteson against O. A. Nation, Mary N. Nation, O. L. Beckner, J. M. Shoemann, E. E. Lightner, W. H. Skinner, L. B. McClendon, T. N. French, John A. Neal, and O. B. Mothersead, State Bank Commissioner. Judgment for plaintiff, and defendant O. B. Mothersead appeals. Affirmed.

Goode & Dierker, for plaintiff in error.

T. G. Cutlip and A. M. Baldwin, for defendant in error.

PHELPS, J.   D. A. Patteson, defendant in error here, was the owner and holder of three promissory notes, totaling the principal amount of $300, given by O. A. Nation and Mary W. Nation and secured by real estate mortgage. O. A. Nation was a stockholder in the Security State Bank of Wanette, Okla. Under the direction of the State Bank Commissioner an assessment was levied against the stockholders of the bank. Nation, being unable to pay his assessment, conveyed to O. L. Beckner and E. E. Lightner, also stockholders, the real estate covered by Patteson's mortgage in consideration of their paying his assessment. Beckner and Lightner gave their check on said Security State Bank payable to Patteson in settlement of Nation's indebtedness to Patteson. This check, they delivered to T. N. French, president, who indorsed it to Patteson and made a duplicate deposit slip for the amount and mailed it, together with a blank release of the mortgage, to Patteson at Sulphur, Okla. Relying upon the assumption that the amount of the check had been deposited to his credit in the bank, as indicated by the duplicate deposit slip, he executed the release of the mortgage and returned it to French.

According to the finding of the trial court. during this time the bank was in an insolvent condition and Beckner and Lightner conveyed the real estate in question to O. B. Mothersead as State Bank Commissioner, plaintiff in error here. The bank was taken over by plaintiff in error and defendant in error filed his action in the district court of Pottawatomie county praying judgment canceling and setting aside the purported release of the mortgage and for judgment on the notes and foreclosure of said mortgage, and from a judgment in his favor this appeal is prosecuted.

It is the contention of plaintiff in error that the judgment of the trial court is contrary to law and not supported by the evidence, because it constitutes a preference in favor of defendant in error over the other creditors of said failed bank in violation of the provision of section 4144, C. O. S. 1921, providing that:

"No bank, banker or bank official shall give preference to any depositor or creditor by pledging the assets of the bank as collateral security. * * *"

In support of their contention counsel cite Iselin v. Farrow, 115 Okla. 218, 242 Pac. 528, where, in the first paragraph of the syllabus, this court held:

"A bank deposit may be subject to any agreement which the depositor and the bank may make with respect to it, so long as the rights of third parties are not injuriously affected."

These are the only authorities cited by counsel for plaintiff in error.

It appears that after the bank went into the hands of a liquidating agent, defendant in error presented his claim showing that his deposit in said bank amounted to $1,573.40, and it is contended by plaintiff in error that, having presented his claim to the liquidating agent for the amount of his deposit in the bank at the time it was taken over by the State Bank Commissioner, he waived any right he had under his mortgage. With this contention we cannot agree. Counsel cite no authorities to support this position. The record fails to show that the proceeds of the check supposed to have been deposited by French, president of the bank, to the credit of defendant in error was included in the amount for which defendant in error filed his claim.

It will be remembered that Beckner and Lightner and French were all stockholders in the bank. French was president of the bank at the time he took the check of Beckner and Lightner and without authority indorsed it and credited the proceeds to Patteson's account. The trial court found that during the period of all these transactions the bank was insolvent and known by these stockholders to be so; that because thereof the release of the real estate mortgage was procured by fraud and deceit and without consideration moving from Beckner and Lightner; that plaintiff in error had only such interest in the subject-matter of the litigation as the bank had at the time it was taken over by him, and that because of such fraud the court determined that equity should set aside and cancel the release. An examination of the record, in our judgment, abundantly justifies this judgment, and we are bound by the well-settled law of this state, repeatedly enunciated by this court, to the effect that in cases of equitable cognizance the appellate court will examine the evidence, but will not set aside the judgment of the trial court unless it is contrary to the clear weight thereof. First National Bank v. Elam, 126 Okla. 93, 258 Pac. 892; McKay v. Kelly, 130 Okla. 62, 264 Pac. 814.

Under this view of the case, the contention of plaintiff in error that the judgment constituted a preference against the assets of the failed bank is untenable, and the judgment of the trial court is, in all things, affirmed.

BRANSON, C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.