**WHEELER v. AMERICAN INV. CO. et al.**

No. 21851.   March 27, 1934.

Warren K. Snyder, Allen & Jarman, and Solus S. Brooks, for plaintiff in error.

W. R. Withington, for defendant in error.

PER CURIAM. Plaintiff in error was a defendant in the trial court and the defendant in error was plaintiff in the trial court. For brevity the parties will be referred to as they appeared in the lower court. Cora F. Wheeler is the only defendant appearing in this court.

On the 11th day of April, 1928, the plain-

tiff, by written contract, sold the defendant and her husband, Jack J. Wheeler, a tract of land in Oklahoma county, Okla., for a consideration of $7,500 to be payable as follows:

"$100 on May 1, 1928, and $100 on the first day of each and every month thereafter with interest at 8% from May 1, 1928, on the maturing notes until the full amount of the purchase price is paid. The interest on the balance due of the principal on the 1st day of May of each year, to be paid annually on May 1, according to 80 notes of even date herewith executed by Jack J. Wheeler and Cora Florence Wheeler to the American Investment Company."

The contract provides that "a first lien is hereby retained against said real estate to secure the amount due thereon as herein provided until paid." The contract also contained an accelerating provision as follows:

"In case any note remains unpaid for a period of 60 days after maturity, the entire amount of purchase price, shall at the option of the holder of the notes become due and payable."

At the same time, and as a part of the same transaction, the defendant and her husband executed and delivered to plaintiff the notes, 75 of said notes representing the purchase price, and five of said notes representing interest on deferred payments.

The first note for $100 was due May 1, 1928, without interest. Then $1,200 of the purchase price was represented by twelve $100 notes, each bearing interest at 8 per cent. One note became due on the first day of each calendar month during the year, and then one note for the year's interest on the remaining sum of $6,200 in the sum of $496. These 13 notes represent the amounts due up to and including May 1, 1929.

. A similar series of 13 notes at 8 per cent. interest was arranged for the year ending May 1, 1930, 31, 32, and 33. The remainder of the purchase price is represented by 14 notes of $100 each, at 8 per cent. interest, with their due dates arranged so that one is due on June 1, 1933, and another one is due on the first day of each calendar month thereafter. The last note being due July 1, 1934.

Payments were made on the purchase price notes previous to December 17, 1928. On this date a payment of $3,538 was made by defendant and her husband, with instructions to plaintiff to apply said payment so as to reduce the principal to $3,500 and apply the balance on the $496 note due May 1, 1929,

representing one year's interest at 8 per cent. on $6,200. The plaintiff so applied this payment of $3,538; this left a balance due on this interest note of $105.75, and was so indorsed on said note. This application of this payment was shown defendant and her husband and was satisfactory to them.

Defendant and her husband defaulted in the payment of this note when it was due on May 1, 1929. Their default continued up to July 20, 1929, and more than 60 days after said interest was due. On that date plaintiff, relying upon the accelerating clause in said contract, exercised its option, elected to declare the whole sum due, and brought this action in the district court of Oklahoma county, Okla., to recover the amount due and foreclose its lien on said land. Upon the trial in the district court, judgment was entered for plaintiff for $3,500, with interest at 8 per cent. from the 18th day of December, 1928, until paid, and attorney's fee of $350 and costs, and foreclosure of lien. Defendant excepted to this judgment, in due time filed her motion for a new trial, which the trial court overruled, and to reverse these judgments the defendant has appealed to this court.

There is no evidence of any misrepresentations, fraud, deceit, mistake, undue influence, coercion, duress or oppression in this record. Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such. Haynes v. Gaines, 76 Okla. 268, 185 P. 74; Yingling v. Redwine, 12 Okla. 64, 69 P. 810; Worley v. Carter, 30 Okla. 642, 121 P. 669; Williams v. Purcell, 45 Okla. 489, 145 P. 1151. Under this rule the contract and notes sued upon constitute a mortgage.

In an action on a note and to foreclose the mortgage given to secure its payment, the note and mortgage are to be construed as one contract, and where the mortgage contains a provision that upon default of the payment of interest the note and mortgage become due immediately and an action may be maintained thereon, such acceleration clause may be relied upon and may sustain the right to maintain suit when but for such provision the action would be premature. Flesher v. Hubbard, 37 Okla. 587, 132 P. 1080; Bollenbach, Ex'x, v. Ludlum, 84 Okla. 14, 201 P. 982.

The general rule is that, when a creditor

holds more than one claim against his debtor, the latter, on making payment, may direct on which debt it shall be credited, and it is the duty of the creditor to so apply it. Carson v. Cook County Liquor Co., 37 Okla. 12, 130 P. 303. The defendant, after positive instruction as to the application of the payments, cannot complain when her payments were credited as she directed.

In a case of purely equitable cognizance, this court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal to this court, unless it appears that such findings and judgment are against the clear weight of the evidence. Donnelly v. Atkins, 130 Okla. 33, 264 P. 911; McKay v. Kelly, 130 Okla. 62, 264 P. 814; Midland Valley R. Co. v. Imler, 130 Okla. 79, 262 P. 1067; Mothersead v. Patterson, 130 Okla. 295, 267 P. 472.

We have carefully examined, considered and weighed all of the evidence. It abundantly supports the judgment of the trial court, and its judgment in this action is affirmed.

The Supreme Court acknowledges the aid of District Judge John S. Burger, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.